## Barrone v. Ventresca et al.

*Vincent Panati* and *Joseph J. Santarone,* for claimant.

*Raymond A. White,* for defendants.

MAWHINNEY, J., October 25, 1945.—We are considering an appeal from an award of the Workmen's Compensation Board affirming the referee's findings of fact, together with additional findings of fact found by the board, conclusions of law, and award of compensation to claimant.

The claimant was employed as a laborer by defendant on a sewer contract job for the City of Philadelphia, which involved the streets in the vicinity of two blocks bounded by Castor Avenue on the east, Loretta Avenue on the west, Stanwood Street on the north, and Rhawn Street on the south, with Fuller Street running through the area parallel to and about half way between Stanwood and Rhawn Streets. An inspector's shanty and a tool shanty were maintained by the defendant on the southwest corner of Castor Avenue and Stanwood Street. The portion of the job the claimant and his fellow workmen were on at the time of the accident involved an extension about 100 feet west along Stanwood Street beyond Loretta Avenue. On August 7, 1942, when the half-hour lunch period began, the claimant and some of the other men went to the tool shanty, got their lunches and took them to a shade tree spot on the east side of Castor Avenue, about three quarters of a block south toward Fuller Street. A few minutes before the end of the lunch period, the claimant was injured by a street car running along the easterly side of Castor Avenue as he started back to work, resulting in the disability of which he now complains.

This case previously came before us and it was returned to the Workmen's Compensation Board for the purpose of finding additional facts. The board did find additional facts among which were:

"SIXTH: The shade tree spot where the claimant ate his lunch just prior to his accidental injury of August 7, 1942, was about 700 feet from the exact place where he was working on that date but 60 feet only

from a portion of the whole contract job upon which he might at any time have been called upon to work.

"SEVENTH: The defendant maintained partial or qualified control over the claimant and his fellow workmen during the half-hour lunch periods allowed them."

This last or seventh finding of fact is more in the nature of a conclusion of law, and whether the claimant sustained his injuries either within or outside the course of his employment, rests upon the findings of facts as well as conclusions of law and the latter aspects of the case are reviewable by us. Callihan v. Montgomery, 272 Pa. 56. In considering this case we have in mind the rule recently reiterated in Krchmar v. Oakland Beach Company, 155 Pa. Superior Ct. 430, that in general, where the accident occurs off the premises of the employer, the proofs must establish that the employe was actually engaged in furthering the business of the employer at the time of the injury. In reviewing the testimony it appears that the tool shed was provided by the defendant, among other purposes, for the convenience of the workers to change their clothes and keep their lunches, and that it was not demanded of them that they spend their midday lunch period at that spot. It is noted that the tool shed was located at the southwest corner of Castor Avenue and Rhawn Street, and that from whatever point the claimant was working it was necessary for him to go to the tool shed to obtain his lunch and from that point, then, to find a place to eat it. The time allowed for the lunch period was a half-hour and, obviously, it was impossible for the claimant to go to any reasonably comfortable place except in the immediate vicinity, and the workmen employed on the job had been cautioned by the employer not to visit a taproom at the northwest corner of Rhawn and Castor Avenue. The fact remains, however, that the claimant did cross Castor Avenue, and in finding a shade tree to be comfortable while eating lunch, was actually 60 feet from any part

of the premises upon which his employer might call upon him to work. In Dzikowska v. Superior Steel Co. et al., 259 Pa. 578, the court said (p. 582) :

"What we regard as a sound statement of the principle involved, appears in 1 Honnold on Workmen's Compensation, Section 111, as follows: 'It cannot be said that the employment is broken by mere intervals of leisure such as those taken for a meal. If an accident happened at such a time, there would be no break in the employment, even though the workman is paid by the hour for the time he is actually at work, especially where the accident occurs on the employer's premises, *or about his property*, unless the workman is doing something that is wholly foreign to his employment. Acts of ministration by a servant to himself, such as quenching his thirst, relieving his hunger, protecting himself from excessive cold, performance of which while at work are reasonably necessary to his health and comfort, are incidents to his employment and acts of service therein within the workmen's compensation acts though they are only indirectly conducive to the purpose of the employment. Consequently no break in the employment is caused by the mere fact that the workman is ministering to his personal comforts or necessities, as by warming himself, or seeking shelter, or by leaving his work to relieve nature, or to procure drink, refreshments, food, or fresh air, or to rest in the shade.' " (Italics supplied.)

The case before us is distinguishable from Kattera v. Burrell Construction & Supply Co. et al., 152 Pa. Superior Ct. 591. In this case, when work had ceased for the day the claimant walked toward the place where he left his lunch box and jacket, and after proceeding about 500 feet he jumped upon the running board of a passing truck not operated by the employer, and after riding thereon a further 500 feet he fell or was thrown to the ground. In these actions of the claimant he was not furthering the interest of his employer. On the

contrary, in the instant case we are of the opinion that the circumstances of the short lunch period, the limitation imposed on the claimant in going to a neighborhood taproom, and the short distance of 60 feet away from the employer's premises, created a condition where the claimant was in furtherance of the business of his employer when he was injured while returning a few minutes before the expiration of the lunch period to be available for work on time.

We conclude that this case is compensable and therefore make the following

## Order

And now, to wit, October 25, 1945, the exceptions of defendants are overruled and their appeal taken in this matter is hereby dismissed. Accordingly, judgment for Pasquale Barrone is entered against Pacifico Ventresca, employer, and New Amsterdam Casualty Company, insurance carrier, defendants, for compensation at the rate of $18 per week beginning August 14, 1942, and continuing to October 30, 1942, a period of eleven weeks and one day, for the sum of $200.29; and for compensation at the rate of $15 per week, the maximum allowed under the Workmen's Compensation Act for partial disability, beginning October 31, 1942, for a period of 400 weeks at $15 per week, or the sum of $6,000, or until claimant's disability may cease or change in extent within the limitations of the Workmen's Compensation Act of 1915, as amended, with interest on the above instalments of compensation at the rate of six percent per annum, from the date when the instalments fell due under the award as affirmed until the date of payment.

Judgment is further entered for Pasquale Barrone against said defendants for the sum of $135 for medical, surgical and hospital expenses.

Judgment is further entered for Pasquale Barrone against defendants for the costs of these proceedings.