Peccon, Appellant, *v.* Francis Market.

Argued November 12, 1965. Before WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (ERVIN, P. J., and FLOOD, J., absent).

*Anthony Cavalcante,* for appellant.

*John F. Will, Jr.,* for appellee.

OPINION BY WRIGHT, J., December 16, 1965: .

This is a workmen's compensation case. The Referee made an award for total disability. The Board set aside the Referee's award and dismissed the claim petition. The Court of Common Pleas of Fayette County dismissed claimant's exceptions and affirmed the order of the Board. This appeal by the claimant followed.

The record discloses that Rose Peccon, the claimant, was employed as a cashier by the Francis Market located on East South Street in the City of Uniontown. Claimant was paid $1.00 an hour, averaging $35.00 for a five-day week. Her starting and quitting hours varied.[1] Claimant had a daily lunch period of one hour, for which hour she admittedly did not receive compensation. On May 3, 1961, at 2:00 p.m. claimant left her place of employment for lunch. While walking toward a restaurant, claimant fell on the public sidewalk injuring her left knee and several ribs. The site of the fall was in front of business premises other than those of the employer.

The Referee's award was based on a finding that "the claimant met with an accident during the course of her employment". The Board found that the fall

---

[1] "Like on Monday I went to work from 9:00 to 6:00; then on Wednesday from 11:00 to 6:00; then on Thursday from 10:00 to 6:00; then Friday I would go from 11:00 to 7:00 and Saturday from 11:00 to 7:00".

did not occur on the employer's premises, and that claimant was not then within the course of her employment. Whether or not claimant was in the course of her employment when injured is a question of law to be determined on the basis of the facts: *Newman v. Congregation of Mercy and Truth*, 196 Pa. Superior Ct. 350, 175 A. 2d 160.

The Board and the court below relied on *Giallonardo v. St. Joseph's College*, 177 Pa. Superior Ct. 87, 111 A. 2d 178, wherein compensation was denied to a claimant who fell on a public sidewalk while on his way to work. The *Giallonardo* case was stronger for the claimant than the instant case, because the sidewalk there under consideration abutted the employer's premises. See also *Wiles v. American Oil Co.*, 105 Pa. Superior Ct. 282, 161 A. 467. Where an injury occurs off the premises of the employer, compensation may not be awarded unless the employe was actually furthering the employer's business: *Boal v. State Workmen's Fund*, 127 Pa. Superior Ct. 237, 193 A. 341; *Rybitski v. Lebowitz*, 175 Pa. Superior Ct. 265, 104 A. 2d 161. In the *Boal* case claimant was injured off the premises while returning from lunch, and an award of compensation was set aside. In the *Rybitski* case compensation was denied for a fatal accident which occurred off the premises while the decedent was returning from a coffee break. The cases cited in claimant's brief[2] are readily distinguishable, and do not control the instant factual situation.

---

[2] *Kasavage v. State Workmen's Ins. Fund*, 109 Pa. Superior Ct. 231, 167 A. 473; *Strunk v. E. D. Huffman & Sons*, 144 Pa. Superior Ct. 429, 19 A. 2d 539; *Dougherty v. Bernstein & Son*, 160 Pa. Superior Ct. 587, 52 A. 2d 370; *Dzikowska v. Superior Steel Co.*, 259 Pa. 578, 103 A. 351; *Tolan v. Phila. & Reading C. & I. Co.*, 270 Pa. 12, 113 A. 67; *Meucci v. Gallatin Coal Co.*, 279 Pa. 184, 123 A. 766; *Barrone v. Ventresca*, 55 Pa. D. & C. 480.

Having concluded that the case at bar was properly determined in the court below, we adopt the following excerpt from the opinion of Judge MUNSON: "In the instant case, when claimant left her employer's premises, with the express or implied consent of her employer, and selected her own place to lunch, her employment ceased and she was then engaged on a personal mission which had no relation to the business in which her employer was engaged. From the time of her departure until her return to her place of employment, she was not 'in the course of her employment' as contemplated by the Compensation Act. Her status was not affected whether she selected her own lunch hour or whether she had a fixed time for lunch. Her leaving the premises was a matter that was purely personal to her and bore no relation to the duties which she was required to perform. Claimant's hours of employment included a lunch period for which she was not paid, and it is clear that during such lunch period if off the employer's premises she was not engaged in the furtherance of her employer's business. Being off the premises and on her way to lunch at the time of her injury, claimant's mission was not necessary or required in the course of her employment and the employer is not liable for compensation".

Order affirmed.