Delores Jean Rabenstein, Widow of Earl David Rabenstein, Appellant, *v.* State Workmen's Insurance Fund and Quaker City Tree Surgeons, Inc., Appellees.

Argued July 30, 1974, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Edward F. Silva,* with him *Jack E. Feinberg* and *R. Merle Heffner,* for appellant.

*Milton D. Soiferman,* Special Assistant Attorney General, for appellees.

OPINION BY JUDGE MENCER, September 27, 1974:

The narrow issue in this workmen's compensation appeal is whether or not Earl David Rabenstein (Rabenstein) was "in the course of his employment" under Section 301(c) of The Pennsylvania Workmen's Compensation Act[1] when he was fatally injured in an automobile accident.

On the morning of May 7, 1965, Rabenstein reported for work at 7 a.m. Since it was raining, his supervisor stated that there would be no work that day and that the workers would be paid one hour "showup" pay. Less than one hour after leaving the job site, Rabenstein met his death from injuries sustained in the automobile accident.

Rabenstein's widow, Delores Jean Rabenstein, initiated the present litigation by filing a fatal claim petition on January 22, 1966. Her petition was denied by a referee, and this denial was in turn affirmed by the Workmen's Compensation Appeal Board (Board) and the Court of Common Pleas of Philadelphia County. Mrs. Rabenstein now appeals to this Court.

---

[1] Act of June 2, 1915, P. L. 736, art. III, §301(c), *as amended,* 77 P.S. §411.

Our scope of review in workmen's compensation cases is limited to a determination of whether constitutional rights were violated, an error of law was committed, or any necessary finding of fact was unsupported by substantial evidence. *Page's Department Store v. Workmen's Compensation Appeal Board,* 11 Pa. Commonwealth Ct. 126, 309 A. 2d 169 (1973). And where, as here, the Board has affirmed the referee and has found against the party having the burden of proof, review by this Court is to determine whether the Board's findings are consistent with each other and with its conclusions of law and its order and can be sustained without a capricious disregard of competent evidence.[2] *Wilkes-Barre Iron & Wire Works, Inc. v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 612, 309 A. 2d 172 (1973).

Mrs. Rabenstein first claims that all three lower tribunals erred as a matter of law in concluding that decedent was not in the course of his employment at the time of his accident. We do not agree.

The determination of whether an employe is in the course of his employment at the time of an accident is one of law, based upon the findings of fact. *Greene v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 423, 317 A. 2d 358 (1974). This question of law involves an interpretation of Section 301 (c) of The Pennsylvania Workmen's Compensation Act which read in 1965 in pertinent part: "The term 'injury by an accident in the course of his employment,' as used in this article [77 P.S. §411 et seq.], shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an em-

---

[2] The Board decided this case prior to May 1, 1972; therefore our holding in *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973), is not applicable.

ploye or because of his employment; *but shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer,* whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment." (Emphasis added.)

It is clear from a reading of the above section that, in order for an employe to be injured "in the course of his employment" when he is off the employer's premises, his injuries must be sustained while he is *actually engaged in the furtherance of the business or affairs of the employer.* In line with this requirement, it has been established that an accidental injury while going to or returning from work is not compensable in the absence of special circumstances. *Eberle v. Union Dental Company,* 390 Pa. 112, 134 A. 2d 559 (1957). These "special circumstances" must involve some clearcut effort on the part of the employe, requested by the employer, which is involved in either going to or coming from work. *Ristine v. Moore,* 190 Pa. Superior Ct. 610, 155 A. 2d 456 (1959).

Applying the law to the facts of this case, we are unable to find any special circumstances that remove this case from the application of the general rule. Although Mrs. Rabenstein offered testimony to the effect that the decedent often did work for his employer at his home, there is no evidence that the decedent was engaged in any of these duties *at the time of the accident.* Thus, the inescapable conclusion in this case must be that the decedent was not actually engaged in

the furtherance of the business or affairs of his employer at the time of his accident. Therefore, he was not injured "in the course of his employment."

Mrs. Rabenstein also argues that the Board capriciously disregarded evidence in reaching its conclusion. It is true that the Board's findings concerning the tasks that the decedent did at his home do not mention certain duties which Mrs. Rabenstein stated her husband performed at home. However, this omission alone does not constitute a capricious disregard of evidence.

We have often stated that it is the province of the fact finder to weigh the evidence and determine the credibility of the witnesses. *Mertz v. Mellon National Bank & Trust Co.*, 11 Pa. Commonwealth Ct. 541, 314 A. 2d 570 (1974). A capricious disregard of evidence will only be found when there is a willful and deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching the result. *Wilkes-Barre Iron & Wire Works, Inc. v. Workmen's Compensation Appeal Board, supra.* Here, it was perfectly reasonable for the Board to omit the evidence in question from its findings because such evidence was merely cumulative to evidence already accepted by the Board and would in no way change the result in the case.[3]

Mrs. Rabenstein finally argues that the failure of the referee to grant a continuance to allow her to present a witness who was under subpoena but who was

---

[3] It must be remembered that the Board accepted testimony establishing that the decedent occasionally worked for his employer at home. As we have seen, this evidence was not legally sufficient to prove that decedent was performing these tasks at the time of his accident. Evidence of additional jobs performed by the decedent at home but not at the time of the accident would not change the result in this case and, therefore, was rightfully omitted from the Board's opinion.

not available at the time of the hearing was a violation of due process. We do not agree.

The power to grant or refuse a continuance is an inherent power of a court or administrative agency which is ordinarily discretionary and subject to review only on a clear showing of an abuse of discretion. *Cotter v. State Civil Service Commission*, 6 Pa. Commonwealth Ct. 498, 297 A. 2d 176 (1972). The referee's refusal to grant a continuance was based on the fact that the litigation had already been in progress for almost four years at the time of the hearing. Under these circumstances, we find that the referee's handling of the difficult task of balancing Mrs. Rabenstein's desire to present witnesses with the defendants' desire to have the matter decided within a reasonable time was not a clear abuse of discretion.

We therefore issue the following

### ORDER

AND Now, this 27th day of September, 1974, the order of The Workmen's Compensation Appeal Board as to the claim of Delores Jean Rabenstein is hereby affirmed.