J. R. Hess, Inc. and American States Insurance Company, Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Irene R. Bucci, Widow of Vincent Bucci, deceased, Appellees.

Argued December 5, 1974, before Judges KRAMER, WILKINSON, JR., and ROGERS, sitting as a panel of three.

Raymond F. Keisling, with him Will and Keisling, for appellants.

Alexander J. Pentecost, with him James N. Diefenderfer, for appellees.

OPINION BY JUDGE ROGERS, January 2, 1975:

J. R. Hess, Inc., formerly the employer of Vincent V. Bucci, and its insurance carrier here appeal from a decision of the Workmen's Compensation Appeal Board (Board), affirming a referee's award of benefits on Mr. Bucci's widow's fatal claim petition. The issue is whether Mr. Bucci's death in a motor vehicle accident arose in the course of his employment.[1]

The accident in which Mr. Bucci was fatally injured occurred at about 1:30 o'clock P.M. on May 18, 1972, on a parkway near Swissvale, a community in Allegheny County adjoining the eastern boundary line of the City of Pittsburgh.

Mr. Bucci's employment by J. R. Hess, Inc., a construction firm located on the north side of Pittsburgh, was as project manager and estimator. He spent approximately 90% of his time in the company's offices. Mr. Bucci was provided with a company car which he was operating at the time of the fatal accident.

Mrs. Bucci testified that on the morning of May 18, 1972, she asked her husband his schedule for the day and that he replied that he had an appointment in the afternoon at Boyce Park, a community located near but east of Pittsburgh, where he was to "check out" two tennis courts and attend a luncheon meeting to discuss the job.

---

1. The Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, as amended, §301(c), 77 P.S. §411 (Supp. 1974-1975).

Mr. Albert J. Siciliano, a project manager and estimator for Hess, testified that he frequently ate lunch with Mr. Bucci, that he invited Mr. Bucci to join him for lunch on May 18, 1972, but that the latter declined on the ground of a previous luncheon engagement in Monroeville, a community also located east of the city. Mr. Bucci did not say whether this appointment was concerned with personal or business matters. Mr. Siciliano noted, however, that it was unusual for Mr. Bucci to take lunch in Monroeville.

A Ms. Geraldine Acker, a receptionist in Hess's office, testified that when Mr. Bucci left to go to lunch at about noon on May 18, 1972, he told her that he had a luncheon appointment and that he would return at about 2:00 or 2:30 o'clock P.M.

Mr. Alfred Palladino, a friend of the decedent, testified to a telephone conversation on the morning of May 18, 1972, in the course of which Mr. Bucci "said he had an appointment to meet with someone for lunch. Business —I don't know for his business, and I was to meet him at the airport at five o'clock, ten to five, five o'clock."

The employer's only witness was John R. Hess, president of the corporation bearing his name. He testified that he knew of no company business on which Mr. Bucci could have been engaged in the vicinity of the place where the accident occurred. He noted that the decedent was a project manager on only two jobs, neither of which were located in the vicinity of Boyce Park, Monroeville or east of Pittsburgh, and that the firm had no contracts in that area. Mr. Hess further stated that Mr. Bucci had no authority to inspect jobs and provide estimates without first discussing such activities with superiors. Mr. Hess learned after Mr. Bucci's death, that the latter had, while in Hess's employ, performed work for another firm, one of the principals of which was a former Hess employe.

Whether, in a given factual situation, an employe is in the course of his employment at the time of an accident is a legal question. *Rabenstein v. State Workmen's Insurance Fund*, 15 Pa. Commonwealth Ct. 160, 325 A.2d 68 (1974). The burden of proof with regard to this issue, as others, is upon the claimant. *Bullock v. Building Maintenance, Inc.*, 6 Pa. Commonwealth Ct. 539, 297 A.2d 520 (1972).

The Workmen's Compensation Appeal Board, we believe, misapprehended the law, as evidenced by its twice referring, without citation of authority, to an asserted presumption that an individual during working hours driving a company automobile is in the course of his employment. The only principle similar to that announced by the Board is stated in *Wolfingbarger v. Addressograph-Multigraph Corp.*, 188 Pa. Superior Ct. 136, 146 A.2d 309 (1958) as: "[w]here an employe starts out on the business of his employer and is later fatally injured, a presumption is raised that he was engaged in the furtherance of his employer's business at the time of the accident. . . ." Essential to the applicability of the presumption is the fact of starting out on the employer's business —a fact not, we believe, proved by the claimant in this case. A trip away from the employer's premises for lunch is unrelated to the employer's business. *Peccon v. Francis Market*, 207 Pa. Superior Ct. 36, 215 A.2d 261 (1965). The references to "checking out" tennis courts and a luncheon meeting concerning them without proof in the claimant's case of any connection between these subjects and the employer's business and in the presence of evidence in the appellants' case that the employer had no such work and that the decedent, without the employer's knowledge, had a business connection with another, did not meet the claimant's burden of proving by substantial evidence facts inducing the conclusion that Mr. Bucci was engaged in the furtherance of his employer's business.

ORDER

AND NOW, this 2nd day of January, 1975, the order of the Workmen's Compensation Appeal Board is set aside and the claim petition dismissed.