Workmen's Compensation Appeal Board and
Miriam A. Gardner *v.* Hickory Farms of Ohio and
Liberty Mutual Insurance Company, Appellants.

Argued December 6, 1976, before Judges KRAMER,
WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Joseph R. Thompson,* with him *Alan H. Ross,* for
appellant.

*John C. Hambrook,* with him *James N. Diefender-
fer,* for appellee.

OPINION BY JUDGE WILKINSON, December 27, 1976:

The narrow issue in this appeal from the Workmen's Compensation Appeal Board (Board) is whether the claimant was in the course of her employment under Section 301 of The Pennsylvania Workmen's Compensation Act[1] when she was injured off the premises of her employer. We hold that she was not.

What actually happened is not in dispute. The record shows that claimant was the manager of appellant's store, located in an enclosed shopping mall. In addition to her supervisory duties, claimant maintained employe work schedules and reports, upon which salaries were based.

Claimant was scheduled to have February 12, 1975, as a "day-off." She was called that morning, however, by her area supervisor and asked to take the place of another employe unable to work that day and to take February 13, 1975, as an alternate "day-off." After working for several hours, the claimant was informed by the mall's manager that the mall was closing early due to poor weather conditions and that she would have to close the store.

Claimant was required to mail certain employe pay records to her employer the next day. Although claimant would have to return to the store the next morning to complete the records, she desired to spend as little time at the store on her "day-off" as possible. She, therefore, took the records home with her to work on them that evening. While walking to her car, parked off the premises of her employer, claimant slipped and fell on a patch of ice, injuring herself.

The referee found that at the time of the fall the "[c]laimant was not engaged in the furtherance of Defendant's business or affairs . . ." and denied bene-

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411 (Supp. 1976).

fits.[2] It is well settled that an employe injured while going to or returning from work is not engaged in the furtherance of the business or affairs of his employer absent special circumstances. *Rabenstein v. State Workmen's Insurance Fund,* 15 Pa. Commonwealth Ct. 160, 325 A.2d 681 (1974). The Board reversed the referee on the law,[3] finding that special circumstances existed in the early closing of the mall, the necessity of mailing the reports the next day, and in February 13 being claimant's alternate "day-off."

Special circumstances, however, "must involve some clear-cut effort on the part of the employe, *requested* by the employer. . . ." *Ristine v. Moore,* 190 Pa. Superior Ct. 610, 615, 155 A.2d 456, 459 (1959). (Emphasis added.) Appellant never requested claimant, either expressly or impliedly, to work on the records at home. Rather, the work was taken home for the convenience of the employe who wanted to spend as little time at the store the next day as she could. This is not a sufficient basis for liability. "It must appear that the act in which the employe was engaged was done by order of the employer, express or implied, and not simply for the convenience of the employe." *Rybitski v. Lebowitz,* 175 Pa. Superior Ct. 265, 267, 104 A.2d 161, 162 (1954).[4]

---

[2] Section 301 of The Workmen's Compensation Act requires that an employe injured off the premises of his employer be "engaged in the furtherance of the business or affairs of the employer" at the time of the injury to be considered "in the course of his employment."

[3] While labeled a finding of fact, the referee's finding was properly considered by the Board to be a conclusion of law. Despite the mistake, there is no need to remand the case for further findings of fact, since no factual dispute exists.

[4] Also, in dicta, the Superior Court stated that "there can be no recovery where the employee is injured while *voluntarily* performing the service off the premises after working hours." *Krchmar v. Oakland Beach Co.,* 155 Pa. Superior Ct. 430, 434, 38 A.2d 710, 712 (1944).

Accordingly, we will enter the following

ORDER

Now, December 27, 1976, the order of the Workmen's Compensation Appeal Board, at Docket Number A-70763, filed February 10, 1976, is reversed and appellee's claim is hereby denied.