512 A.2d 1349

Gloria M. Collins, Petitioner *v.* Workmen's Compensation Appeal Board (American Society for Testing and Materials), Respondents.

Submitted on briefs April 8, 1986, to Judges CRAIG, DOYLE and COLINS, sitting as a panel of three.

*Richard A. Ash, Lyman & Ash,* for petitioner.

*A. James Johnston, Post & Schell,* for respondent.

OPINION BY JUDGE DOYLE, July 25, 1986:

This is an appeal by Gloria M. Collins (Claimant) from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision denying Claimant benefits on the basis that she was not acting in the course and scope of her employment at the time of her injury pursuant to Section 301(c) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411(1).

Claimant sustained an injury to her legs, back, neck and shoulders as a result of falling in a hole in the sidewalk two blocks from the office building where she worked. At the time of her fall Claimant was returning from lunch. The referee specifically found that Claimant's injury occurred off premises and that in making the luncheon trip Claimant was "serving her own purposes" and consequently not furthering business of the American Society for Testing and Materials (Employer). Based upon these findings the referee concluded that Claimant was not acting in the course and scope of her employment at the time of the injury and accordingly dismissed her appeal. The Board affirmed.

On appeal Claimant presents two related arguments. First she maintains that the Board erred in determining that her injury had not arisen during the course of her employment. In support of her argument she contends that her assigned lunch period was part of her normal working day. She also presents additional facts which are of record, but which were not specifically found by the referee. These include the fact that Employer had no cafeteria on its premises and the fact that Claimant is paid on an annual rather than hourly basis. Claimant's other argument is that the Board erred in requiring her to prove that at the time of her injury she was actually furthering Employer's business. She maintains that proof of that additional factor has been reject-

ed by the Pennsylvania Supreme Court in *Krawchuk v. Philadelphia Electric Co.,* 497 Pa. 115, 439 A.2d 627 (1981).

We will examine Claimant's arguments keeping in mind that where, as here, the party with the burden of proof has failed to prevail before the Board our scope of review is limited to determining whether there has been a constitutional violation or an error of law and whether the findings of fact are consistent with each other and with the conclusions of law and can be sustained without capricious disregard of competent evidence. *Workmen's Compensation Appeal Board v. Precisionware, Inc.,* 21 Pa. Commonwealth Ct. 573, 347 A.2d 322 (1975).

Claimant is correct in her assertion that in *Krawchuk,* an off-premises heart attack case, the Pennsylvania Supreme Court rejected the notion that a claimant must show that he or she was actually engaged in the furtherance of the employer's business at the time of the heart attack. The Court wrote, "[t]his Court and the Commonwealth Court have consistently construed section 301(c) to require the establishment by the claimant of only two facts—that the injury arose in the course of employment and was related thereto." *Krawchuk* at 121, 439 A.2d at 630. The *Krawchuk* Court then stated, "we hold that the Commonwealth Court and the Board erred in requiring claimant to prove that an off-premises *heart attack victim* was actually engaged, at the time of the heart attack, in the furtherance of his employer's business at the express or implied request of the employer." *Id.* at 124-25, 439 A.2d at 632 (emphasis added).

Whether the furtherance of employer's business requirement must be demonstrated in non-heart attack off-premises cases is somewhat uncertain. It appears that the *Krawchuk* doctrine has been considered to ap-

ply to a psychiatric injury in *Hepp v. Workmen's Compensation Appeal Board (B.P. Oil Co.)*, 67 Pa. Commonwealth Ct. 330, 447 A.2d 337 (1982). But in both *Hepp* and *Krawchuk* the causation factor was not obvious to the lay person as it is in the instant case. In any event, we need not decide today whether *Krawchuk* is to be read broadly or narrowly because the referee and Board determined that Claimant failed to prevail in her claim not only because she had not shown that she was furthering Employer's business at the time of the injury but also because she was not acting in the course of her employment. This latter showing is clearly still required under *Krawchuk*.

Although Claimant maintains that her lunch hour is part of her normal working day, we believe that prior precedent establishes that Claimant's lunch period was not within the scope of her employment. At the outset we recognize that in at least one instance a lunch break was held to be within the scope of employment. *See Workmen's Compensation Appeal Board v. Plum Borough*, 20 Pa. Commonwealth Ct. 35, 340 A.2d 637 (1975) (benefits granted to widow of truck driver who had been shot to death by a fleeing felon while he had stopped his truck along the roadside either to relieve himself or eat lunch). But in *Plum Borough* the employee's duties involved travel. As a general rule a traveling employee while so engaged is within his or her scope of employment. *Port Authority of Allegheny County v. Workmen's Compensation Appeal Board (Stevens)*, 70 Pa. Commonwealth Ct. 163, 452 A.2d 902 (1982).

In the instant case Claimant's duties did not involve travel. We thus find her situation akin to cases where stationary rather than traveling employees took lunch breaks. In *Peccon v. Francis Market*, 207 Pa. Superior Ct. 36, 215 A.2d 261 (1965) the employee, a cashier, fell

on a public sidewalk while walking toward a restaurant for lunch. The Superior Court affirmed the denial of benefits and adopted the language of trial court Judge MUNSUN who wrote:

> In the instant case, when claimant left her employer's premises, with the express or implied consent of her employer, and selected her own place to lunch, her employment ceased and she was then engaged on a personal mission which had no relation to the business in which her employer was engaged. From the time of her departure until her return to her place of employment, she was not 'in the course of her employment' as contemplated by the Compensation Act. Her status was not affected whether she selected her own lunch hour or whether she had a fixed time for lunch. Her leaving the premises was a matter that was purely personal to her and bore no relation to the duties which she was required to perform.

*Id.* at 39, 215 A.2d at 262-63. Although Claimant here, unlike in *Peccon,* was a salaried rather than an hourly employee, we do not believe the method of remuneration to be dispositive of whether a claimant was in the course of employment at the time an injury occurred. Nor do we accept Claimant's position that whether or not the Employer has a cafeteria on the premises should be a dispositive factor.

In *J.R. Hess, Inc. v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 87, 329 A.2d 923 (1975) the employee, a project manager and estimator for a construction company, died in a motor vehicle accident while on his way to "check out" tennis courts and to attend a luncheon meeting. (There was no evidence the meeting was business related). This Court set aside the award of benefits noting that "[a] trip away

from the employer's premises for lunch is unrelated to the employer's business." *Id.* at 90, 329 A.2d at 925.

More recently, in *Giebel v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 333, 399 A.2d 152 (1979) an employee of Sears, Roebuck & Company slipped and fell in the *employer's* building while shopping on her lunch hour. The employee worked in an entirely different section of the building than that in which the injury occurred. We affirmed the Board's denial of benefits on the basis that Giebel's injuries were not sustained in the course of employment and noted that "[Giebel] was in a place where her presence was not required by the nature of her employment and her injuries are therefore not compensable." *Id.* at 336, 399 A.2d at 153.

Finally, we note the comments of Judge BARBIERI in affirming the denial of benefits to a claimant who was injured on a public sidewalk in front of an employer's premises a few minutes before she was due at work. Judge BARBIERI stated:

> Claimant was a member of the general public on the public sidewalk and was not on a mission authorized, directed or otherwise related to her employment. . . . In fact, her mission is akin to that of an employee on a public way while traveling from employment on a luncheon trip. Uniformly, in such cases, compensation has been disallowed.

*Riccio v. Workmen's Compensation Appeal Board (Bi-Comp, Inc.),* 76 Pa. Commonwealth Ct. 573, 575, 464 A.2d 669, 670 (1983).

Based upon the foregoing, the order of the Board is affirmed.

### ORDER

NOW, July 25, 1986, the order of the Workmen's Compensation Appeal Board, No. A-87880 dated December 27, 1984, is hereby affirmed.