538 A.2d 542

**Donald SPEIGHT and Paula Speight, h/w, Appellants,**

v.

**Roger BURENS and Ford Motor Company, Appellees.**

Superior Court of Pennsylvania.

Argued Jan. 22, 1988.

Filed Feb. 19, 1988.

Garland D. Cherry, Jr., Chester, for appellants.

John R. Riddell, Media, for appellees.

Before CIRILLO, President Judge, and McEWEN and MONTEMURO, JJ.

MONTEMURO, Judge:

This is an appeal from an Order of the Court of Common Pleas of Delaware County granting summary judgment in favor of appellee, Roger Burens, and against Donald and Paula Speight, appellants herein. We affirm.

Appellant, Donald Speight, was employed by appellee, Roger Burens, in his asbestos removal business. On October 2, 1984, appellant was injured while riding as a passenger in an automobile driven by appellee. At the time of the accident, appellant, appellee, and Francis Sullivan, who was also employed by appellee, were returning from lunch. Appellee had driven the two employees to a nearby restaurant in his 1984 Ford Thunderbird where they had discussed business, namely, certain problems with the company's computer system, as well as various work-related projects. On their way back to the office, appellee rear ended another vehicle that was stopped on the highway. As a result of this collision, appellant sustained injuries.

■ Appellants brought this action against appellee Burens seeking recovery for damages sustained in the accident. Thereafter, Ford Motor Company was joined as an additional defendant. Appellee Burens filed a motion for summary judgment on May 15, 1987, alleging that the

Pennsylvania Workmen's Compensation Act[1] provided the exclusive remedy for appellants' injuries. More specifically, appellee asserted that appellants' claim was barred by 77 P.S. § 481(a) because his injury, as defined in 77 P.S. § 411(1), arose "in the course of employment." The trial court set a deadline of June 3, 1987, by which all responses to the motion were to be filed.[2] Appellant did not respond to the motion for summary judgment or attempt to controvert the facts set forth in the supporting affidavit until July 2, 1987. However, the trial court, holding true to its deadline, had already granted appellee's motion for summary judgment based on the record before it on June 4, 1987, approximately one month before appellant filed his response to the motion. While all parties received a copy of the June 4th Order granting summary judgment shortly after it was issued, for some unknown reason the Order was not entered on the docket until July 2, 1987. Appellants' filed their notice of appeal on July 22, 1987.[3]

The only question before us is whether the trial court properly concluded that appellant's injury was suffered "in the course of employment and related thereto." If the undisputed facts before the trial court warrant such a

1. 77 P.S. § 1, et seq.

2. Under the Delaware County Civil Rules a party is generally given 30 days to respond to a motion for summary judgment. However, under Delaware County Civil Rule 1028(g) the court has the discretion to advance the time for filing. In the present case Judge Jerome informed the parties by letter dated May 15, 1987, that the deadline for responses would be June 3, 1987.

3. We reject Appellee's contention that appellant's appeal should be quashed as untimely filed. Pa.R.A.P. 301(a) states: "... no order of court shall be appealable until it has been entered upon the appropriate docket in the lower court ..." The time for filing an appeal runs from the date of entry, Pa R.A.P. 903(a), which is defined by Pa.R.A.P. 108(b) as "... the day on which the clerk makes notation in the docket that notice of entry of the order has been given as required by Pa.R.C.P. 236(b)." The period for appeal does not begin to run on the date the order is signed or the date the order is filed when such is prior to the day of "entry" as defined by Pa.R.A.P. 108(b). *See Yeaple v. Yeaple,* 485 Pa. 399, 402 A.2d 1022 (1979). Because the June 4, 1987 Order was not entered on the docket until July 2, 1987, the appeal period began to run on that day and appellant's notice of appeal filed on July 22, 1987 was within the thirty (30) day time limit.

conclusion, then appellant's common law action against his employer is barred by § 481(a) of the Workmen's Compensation Act.

Summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.C.P. 1035. In considering a motion for summary judgment, the trial court is bound to follow several firmly established principles. Specifically, the court must examine the entire record in the light most favorable to the non-moving party. The court's sole function is to determine whether there is an issue of fact to be tried and not to decide issues of fact. Finally, the court must resolve all doubts as to the existence of a genuine issue of fact against the party moving for summary judgment. *See Taylor v. Tukanowicz,* 290 Pa.Super. 581, 586, 453 A.2d 181, 183 (1981); *Schacter v. Albert,* 212 Pa.Super. 58, 62, 239 A.2d 841, 843 (1968).

The Pennsylvania Workmen's Compensation Act provides the exclusive remedy for an individual whose injuries fall within the parameters of the Act. Section 481(a) of the Act provides in pertinent part:

The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of an injury or death as defined in [77 P.S. § 411(1)]....

77 P.S. § 481(a).

Section 411(1) goes on to define injury as follows:

The terms 'injury' and 'personal injury', as defined in this Act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, *arising in the course of his employment and related thereto....* The term 'injury arising in the course of employment', as used in this article, shall not include [situations not pertinent in this case]; but shall include all other injuries

sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere.... 77 P.S. § 411(1) (emphasis added).

■ A straightforward reading of the foregoing provisions makes it clear that for an injured employee to fall within the confines of the workmen's compensation statute, he must show that his injury arose in the course of his employment and that it was causally connected with his work. *See Krawchuk v. Philadelphia Electric Company,* 497 Pa. 115, 124–125, 439 A.2d 627, 632 (1981); *Rifkin Co. v. Workmen's Compensation Appeal Board,* 34 Pa. Cmwlth. 476, 478 n. 2, 383 A.2d 990, 991 n. 2 (1978). The question of whether an injury arises "in the course of employment" is a question of law to be determined on the basis of the applicable facts. *William F. Rittner Co. v. W.C.A.B.,* 76 Pa.Cmwlth. 596, 600, 464 A.2d 675, 678 (1983). The courts have also made it abundantly clear that the phrase "in the course of employment", as used in the Workmen's Compensation Act, is to receive liberal construction. *See Epler v. North American Rockwell Corp.,* 482 Pa. 391, 393 A.2d 1163 (1978).

■ Two distinct lines of case law have developed in determining whether a given injury arises "in the course of employment". The courts construing this provision utilize different analyses depending on whether the employee can be categorized as a "traveling employee" or a "stationary employee". In the case of "roving" or "traveling" employees, the course of employment is broader than that of the ordinary employee, and there is a presumption that the employee was engaged in the furtherance of his employer's business at the time of his injury. *Investors Diversified Services v. Workmen's Compensation Appeal Board,* 103 Pa.Commw. 562, 566, 520 A.2d 958, 960 (1987). In *Port Authority of Allegheny County v. Workmen's Compensation Board,* 70 Pa.Commw. 163, 452 A.2d 902 (1982), a bus driver was injured when he stumbled in a pothole on his way to a restaurant for lunch. In finding that the course of

employment of a traveling employee, such as a bus driver, includes necessary and authorized breaks, the Commonwealth Court stated:

> The general rule is that a traveling employee while so engaged is within the course of his employment unless what he is doing at the time of the accident is so foreign and removed from his usual employment as to constitute abandonment thereof.

*Id.* at 166, 452 A.2d 903–904.

■ In contrast to the cases involving "roving" or "traveling" employees, a more stringent interpretation of the phrase "course of employment" is taken when the employee works primarily at a stationary business site. In such cases the general rule is that a trip away from the employer's premises for lunch is unrelated to the employer's business, and an injury occurring during that time period is not sustained "in the course of employment" within the meaning of the Workmen's Compensation Act. *See J.R. Hess, Inc. v. Workmen's Compensation Appeal Board,* 17 Pa. Commw. 87, 329 A.2d 923 (1975) (manager of a construction killed en route to "check out" tennis courts and attend luncheon denied benefits where no evidence that the meeting was business-related). In *Peccon v. Francis Market,* 207 Pa.Super. 36, 215 A.2d 261 (1965), this Court was faced with an almost analogous situation to that which occurred in the *Port Authority* case, *supra,* except for the fact that the injured employee was a stationary rather than a traveling employee. In *Peccon,* the claimant was employed as a cashier at a local market. On the way to lunch she tripped and fell on a public sidewalk. In denying the claimant workmen's compensation, a five judge panel of this Court reasoned as follows:

> [W]hen claimant left her employer's premises, with the express or implied consent of her employer, and selected her own place to lunch, her employment ceased and she was on a personal mission which had no relation to the business in which her employer was engaged. From the time of her departure until her return to her place of

employment, she was not 'in the course of employment' as contemplated by the Compensation Act. Her status was not affected whether she selected her own lunch hour or whether she had a fixed time for lunch. *Her leaving the premises was a matter that was purely personal and bore no relation to the duties which she was required to perform.*

*Id.*, 207 Pa.Superior Ct. at 39, 215 A.2d 262–263 (emphasis added). *See also, Collins v. Workmen's Compensation Appeal Board,* 99 Pa.Commw. 228, 512 A.2d 1349 (1986) (adopting our reasoning in *Peccon* for cases involving stationary employees).

In the case at bar appellant qualifies as a stationary employee since he generally had a fixed work situs. Consequently, the applicable rule is that pertaining to stationary employees. We must determine whether appellant's leaving the premises was for business or purely personal reasons. We find that based on the undisputed facts, appellant was acting in the furtherance of his employer's business when he went to lunch with his employer primarily to discuss business. Because the luncheon between appellant and appellee was business-related, the injury which occurred while returning from lunch arose "in the course of employment", and appellant's common law action against his employer is barred by the Workmen's Compensation Act.

On June 4, 1987, when the trial court ruled on appellee's motion for summary judgment, the record consisted of only the pleadings; the interrogatories; the depositions of Donald Speight, Roger Burens, and Francis Sullivan; and the affidavit of Roger Burens, which revealed the following facts. Appellant went to lunch with appellee Burens, his employer, and Francis Sullivan, a co-employee, to discuss business. The suggestion to eat lunch together was made by appellee. The three men rode in appellee's vehicle to a restaurant where they discussed problems with the company's computer system, as well as several work projects. Appellee picked up the tab for lunch, and the three men

proceeded back to work with appellee driving. En route, appellee's vehicle struck another vehicle and appellant sustained injuries. Prior to the trial court's ruling on appellee's motion for summary judgment, appellant had in no way responded to the motion. Therefore, appellant had taken no action to put in dispute any of the facts as averred by appellee. Indeed, appellant made no attempt to respond to appellee's motion or file an affidavit contradicting the facts set forth in the Burens' affidavit until July 2, 1987, nearly a month after the trial court had ruled on the motion. Based on the uncontroverted facts of record before the trial court on June 4, 1987, we believe that the trial court correctly concluded as a matter of law that appellant was injured "in the course of employment" and that workmen's compensation was his exclusive remedy.

Accordingly, the Order granting appellee's motion for summary judgment is affirmed.

Order affirmed.