589 A.2d 1165

**Catherine A. CARRETTI, Appellant,**

v.

**Scott SCHWANGER, David P. Moyer, and Moyer's Truck Service, Inc.**

Superior Court of Pennsylvania.

Argued Dec. 11, 1990.

Decided April 29, 1991.

David W. Knauer, Mechanicsburg, for appellant.

Stephen E. Geduldig, Harrisburg, for appellees.

Before CIRILLO, President Judge, and JOHNSON and BROSKY, JJ.

BROSKY, Judge.

This is an appeal from a judgment denying appellant's post trial motions after her trial on an action against appellees ended in a non-suit. Appellant raises three numbered issues asserting that the granting of appellee's non-suit constituted the overruling of another judge on the same issue, that the granting of a non-suit denied appellant a jury determination and that the evidence was sufficient to allow the case to go to the jury. We vacate and remand for a new trial.

Appellant was employed by appellee Moyer's Truck Service in a clerical capacity. Her job duties consisted of answering the phone, setting up appointments, bookkeeping and payroll. Her hours were from 8:00 A.M. to 5:00 P.M. with a one hour lunch and she was obligated to punch a time clock at the beginning and end of each day and at lunch time. Although her duties did not include picking up lunches for the other employees, she often would do so when she went out to lunch and, occasionally, the other employees would do the same when they went out to lunch. Appellant was injured in a motor vehicle collision which occurred while she was riding with a company employee in a company vehicle to a McDonald's restaurant.

As lunch approached on the day of the accident she told the boss and other employees that she was going to McDonald's and asked the other employees if they wanted her to bring back food for them. Appellant testified that the other employees gave her money to cover the food items they wanted. However, appellee Moyer indicated in deposition that he gave appellant money and asked her to pick up sandwiches for the guys. Moyer also told her she could have a ride with another employee, Scott Schwanger, as he had to pick up some parts anyway. Appellant punched out as she left for McDonald's with Schwanger. On the way to McDonald's the vehicle appellant was riding in and being driven by Schwanger was involved in an accident.

Appellant indicated at trial, in a suit seeking damages for injuries sustained, that she rarely was asked to run errands

for work and that virtually all of her responsibilities required her presence in the office. Appellee Moyer did not testify at trial. However, portions of his deposition were read into evidence by appellant. At the close of her case, counsel for appellee moved for a non-suit arguing that the injury was sustained in the course of her employment and that therefore, the Workmen's Compensation Act provided immunity to the employer and fellow employee. This motion was granted and appellant's action was dismissed. Post trial motions were filed but denied. This appeal followed.

Although the only factual contention where the testimony appears to be at odds is whether appellant's fellow employees gave appellant money for their lunches or whether appellee Moyer gave her the money, there are nuances in characterization that are very relevant to the determination of the issue in question. We would note, however, that with regard to the granting of a non-suit, it would have been erroneous for the trial court to grant the non-suit unless the benefit of the doubt were given to appellee on all key factual issues, including whether the employees gave her the money. The trial court was not sitting as fact finder and it would constitute an usurpation of the jury's function to decide these facts against appellee on a mid-trial motion. In any event, based upon the evidence available to the trial court when the non-suit was granted, we must conclude that it was erroneous to grant the motion.

The trial court summarizes the evidence and indicates that appellant went for lunch at the "request" of Moyer. Although, the usage of the word "request" is not qualified or explained by the trial court, nor are we capable of ascertaining the connotation of that word held by the trial court, it is clear that Moyer did not request appellant to go for lunch in the sense that she was obligated by her position to do so. Moyer's deposition testimony indicates that appellant told Moyer she was going for lunch and Moyer responded that Scott was going for parts, he then gave her money and said "why don't you pick up sandwiches for the

rest of the employees and ride with Scott." This suggestion appears to have been motivated by the fact that "she was going to take her own car." Moyer was then asked "[s]o that was basically a matter of courtesy then, that wasn't a job function of hers? She wasn't assigned to go get lunch?" To which he responded, "No. No, she wasn't." At a different point in the deposition Moyer indicated that he didn't regularly buy lunch for his employees, but that once in a while he did it to keep up morale. The whole of the testimony reveals that appellant indicated she was going to lunch at McDonald's and voluntarily offered to pick up food for the other employees. Appellee Moyer then offered her a ride with a fellow employee during which she was injured. We cannot conclude that this evidence dictates a finding that she was injured in the course of her employment so as to be covered under the Workmen's Compensation Act.

The general rule provides that employees are on their own time at lunch and an off-premises injury is not sustained in the course of one's employment. However, there are exceptions to this rule and the determination of whether or not appellant was in the course of her employment when she was injured revolves around whether she was actually engaged in the furtherance of her employer's affairs at that time. *Tatrai v. Presbyterian University Hospital*, 497 Pa. 247, 439 A.2d 1162 (1982). Despite the fact that such a phrase could be given a very broad reading, a review of certain cases makes clear that this requirement means a direct or immediate furtherance of the business affairs of the employer. A mere indirect or incidental benefit to the employer will not satisfy the standard. For instance, in *Tatrai* an employee at the hospital became ill and was directed to go to the emergency room for treatment. While being treated she was injured. The hospital argued, as does the employer here, that the employee had been injured in the course of her employment. One argument advanced in support of this position was that it was necessary for the hospital to have healthy employees so

that they could properly perform their functions and treat patients. Thus, her treatment was an action in furtherance of the employer's affairs. Although this argument has possible theoretic merit, our Supreme Court was unconvinced by this argument calling such benefit an indirect one.

Similarly, in *Workmen's Compensation Appeal Board v. Hickory Farms of Ohio*, 28 Pa.Cmwlth. 30, 367 A.2d 730 (1976), the Commonwealth Court considered a case where an employee was injured while taking work home at the time she was injured. In denying compensation for the accident, the court stated that the act in which the employee was engaged when injured must be done by order of the employer, and not simply for the convenience of the employee. The court noted that the employer never requested that the claimant take the work home with her, rather, she took the work home because she wished to spend the majority of the next day at home.

Drawing upon these decisions we believe it was error to grant the non-suit. Although appellant agreed to bring sandwiches back from lunch, engaging in this task can hardly be thought of as "in furtherance of the employer's affairs" as outlined in the above decisions. It was not the duty or regular custom of the employer to provide lunch for the employees; nor were special circumstances established that necessitated that lunch be brought in that day to further the affairs of the employer. Appellant was clearly not ordered/requested to go for sandwiches, she was on her own time when she went and indicated she was going to the restaurant in any event. Furthermore, the act of getting sandwiches would provide, at best, only an indirect or incidental benefit to the employer, and the provision of a ride by appellee Moyer was done primarily for appellant's convenience. These facts do not turn an essentially personal trip into a "business" one. Compare this case with the situation found in *Speight v. Burens*, 371 Pa.Super. 478, 538 A.2d 542 (1988). There an employee went to lunch with his employer to discuss certain work problems and other work projects. On the way back from lunch the employee

was injured in a motor vehicle collision. We found there that the lunch was a business lunch and the employee was engaged in activity in furtherance of his employer's affairs. The purpose of discussing work problems and projects was construed by us as providing a direct benefit to the employer. The same cannot be said here.

For the above reasons, we cannot conclude that the evidence established that appellant was engaged in activity in furtherance of her employer's affairs when she sustained the injuries in question. As such, the Workmen's Compensation Act does not provide an immunity from suit and the non-suit was erroneously granted. Appellant's post trial motion should have been granted.

Judgment vacated. Case remanded for a new trial.

CIRILLO, President Judge, files a dissenting opinion.

CIRILLO, President Judge, dissenting:

Since I believe that the appellant, Catherine A. Caretti, was acting in furtherance of her employer's business or affairs when she was injured, I would affirm the trial court's decision. Hence, I dissent.

The appellant was employed by Moyer's Truck Service. Her duties were primarily clerical and were performed on the employer's premises. The appellant clearly was not required to obtain lunches for other employees, yet, on occasion the appellant would get lunch for the other employees.

On the date of the accident, appellant had informed her employer and the other employees that she was going to a McDonald's restaurant. The appellant asked her fellow employees if they wanted anything from McDonald's. While the appellant claims that the other employees gave her money to pay for their lunches, the employer maintains that he gave the appellant money to buy lunch for the other employees. The employer also told the appellant that she could ride to McDonald's with another employee, Scott Schwanger, who had to leave the premises to get parts for

58

the employer. Before leaving her place of employment, the appellant punched out. On the way to McDonald's, the company owned vehicle driven by Schwanger was involved in an accident and the appellant was injured.

The appellant filed suit against her employer seeking damages for her injuries sustained in the accident. The case proceeded to trial, and at the close of the appellant's case, the employer moved for a compulsory nonsuit, *see* Pa.R.C.P. 230.1, stating that since appellant's injuries were sustained in the course of her employment, the Workmen's Compensation Act ("Act") provided the exclusive remedy and that consequently her common law action was barred. *See* 77 P.S. §§ 411, 481(a). The trial court granted the employer's motion for a nonsuit, post-trial motions were denied and this timely appeal followed. On appeal, the appellant essentially argues that the trial court erred in granting the employer's motion for a nonsuit.[1]

A motion for a compulsory nonsuit permits a defendant to test the sufficiency of a plaintiff's evidence. *Storm v. Golden,* 371 Pa.Super. 368, 373, 538 A.2d 61, 63 (1988). "A court may grant a compulsory nonsuit if 'the jury, viewing all the evidence and all reasonable inferences arising from it, in the light most favorable to the plaintiff, could not reasonably conclude that the elements of a cause of action have been established.'" *Brock v. Owens,* 367 Pa.Super. 324, 328, 532 A.2d 1168, 1170 (1987) (quoting *Mazza v. Mattiace,* 284 Pa.Super. 273, 277, 425 A.2d 809, 811–812 (1981)). The grant of a compulsory nonsuit will be affirmed on appeal only where it is inconceivable, after viewing all the evidence in the light most favorable to the plaintiff, that

---

1. Appellant's statement of questions involved is as follows:
   I. Did the trial judge err when he overruled the decision of Judge Dowling denying the Defendants' motion for summary judgment based solely on the Workmen's Compensation Act and granted the Defendant's motion for nonsuit based solely on the Workmen's Compensation Act?
   II. Did the trial judge err when he granted the Defendants' motion for nonsuit thereby depriving the Plaintiff of the jury trial she had demanded?
   III. Did the evidence entitle the Plaintiff to go to the jury?

the controlling issue could be determined in plaintiff's favor. *Stevens v. Commonwealth Department of Transportation*, 89 Pa.Commw. 309, 311, 492 A.2d 490, 492 (1985).

The Act provides the exclusive remedy for an individual whose injuries fall within the purview of the Act. 77 P.S. § 481(a); *Speight v. Burens*, 371 Pa.Super. 478, 480, 538 A.2d 542, 543 (1988). An employee's injury is compensable under the Act if the injury arises "in the course of his [or her] employment." 77 P.S. § 411(1). "The term 'injury arising in the course of employment' shall include all other injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere ..." 77 P.S. § 411(1). *See Speight, supra.* Thus, for an employee's injury to be compensable under the Act the employee must demonstrate that the injury "arose in the course of his [or her] employment and that it was causally connected with his [or her] work." *Speight*, 371 Pa.Super. at 483, 538 A.2d at 544. Whether an injury arose in the course of one's employment is a question of law to be determined on the basis of the applicable facts. *Id.* Further, the courts have clearly stated that the term "course of employment," as used in the Act, shall receive a liberal construction. *Id. See Epler v. North American Rockwell Corp.*, 482 Pa. 391, 393 A.2d 1163 (1978); *Mann v. City of Philadelphia*, 128 Pa. Commw. 499, 563 A.2d 1284 (1989).

Here, the appellant was an employee whose functions, most often, required her presence in the office. Consequently, she was a "stationary employee," not a "travelling employee." The course of employment for a "travelling employee" is broader than that of a "stationary employee". *Speight*, 371 Pa.Super. at 483, 538 A.2d at 544. There is a presumption that the "travelling employee" was engaged in the furtherance of his or her employer's business at the time the injury occurred. *Id.* However, where as here, the employee works primarily at the business site the phrase "course of employment" is narrowly interpreted. *Id.*

In such cases the general rule is that a trip away from the employer's premises is unrelated to the employer's business, and an injury occurring during that time period is not sustained "in the course of employment" within the meaning of the [Act].

*Id.* *See also* 82 Am Jur 2d § 272 (1976). In *Peccon v. Francis Market*, 207 Pa.Super. 36, 215 A.2d 261 (1965), the employee of a local market was injured when she tripped and fell on a public sidewalk during her lunch period for which she was not paid. This court denied the employee workmen's compensation benefits stating:

[W]hen claimant left her employer's premises, with the express or implied consent of her employer, and selected her own place to lunch, her employment ceased and she was on a personal mission which had no relation to the business in which her employer was engaged. From the time of her departure until her return to her place of employment, she was not "in the course of employment" as contemplated by the Compensation Act. Her status was not affected whether she selected her own lunch hour or whether she had a fixed time for lunch. Her leaving the premises was a matter that was purely personal and bore no relation to the duties which she was required to perform.

*Peccon*, 207 Pa.Super. at 39, 215 A.2d at 262–263. In *Speight,* the employee was injured while returning from lunch with his employer. *Speight,* 371 Pa.Super. at 484, 538 A.2d at 545. While at lunch, Speight discussed business with his employer. *Id.* Consequently, this court found that the employee's injuries which occurred while returning from this business lunch arose "in the course of employment," and that the employee's common law action against his employer was barred by the Act. *Id.*

In *Peccon,* it was fairly clear that the employee was on a purely personal venture, unrelated to her employment. Conversely, in *Speight* it was equally clear that the employee, who was injured while returning from a business luncheon with his employer, was engaging in the furtherance of

the employer's business or affairs. Instantly, we are faced with a more difficult set of circumstances. Nonetheless, we must determine whether the employee's trip to McDonald's was in furtherance of her employer's affairs, or was a purely personal venture unrelated to her employment. *See Speight, supra; Peccon, supra.* The majority concludes that the facts of this case did not turn an essentially personal trip into a "business" one. I disagree.

Initially, we, in accordance with our standard of review, must assume that the employees gave the appellant their own money to purchase lunch. Further, it is clear that the employee "punched out" before she left with Schwanger and that consequently she was not being paid during her lunch hour. It is also apparent that purchasing the other employees' lunches was not part of the appellant's job. However, appellant, on this occasion, was getting lunch for the remaining employees while those employees continued to work. Further, the appellant, at the employer's suggestion, rode to McDonald's in a company owned vehicle with another employee while that employee was on a business errand.

Consequently, my review of the record in the requisite light reveals that the circumstances surrounding the employee's trip to McDonald's had both personal and business attributes. Because we are required to give the Act a liberal construction, *Speight, supra,* I conclude that the appellant was acting in furtherance of the employer's affairs while, at her employer's suggestion, she was riding in a company owned vehicle to obtain lunch for herself and the other employees who remained on the work premises. Therefore, I would affirm the trial court's decision to grant the employer's motion for a nonsuit.