## Sabatini v. Linko

*Maria Spina Altobelli,* for plaintiffs.
*Sean P. Hannon,* for additional defendant.

FRANKS, *J.,* May 26, 1993—The issue before us arises from cross-motions for summary judgment filed by plaintiffs and additional defendant. After oral argument, and due consideration the stipulated facts, applicable law, and briefs of counsel, we grant plaintiffs' motion, and deny defendant's motion.

### BACKGROUND

Plaintiffs and additional defendant, Roberta A. Byrd, were employees of Laurel House, Inc. Laurel House is a private, non-profit organization which provides community living arrangements for mentally retarded adults. The parties were employed as resident advisors whose duty it was to assist the citizens of Laurel House with their daily activities.

On May 15, 1988, the parties took four Laurel House clients on a picnic. On the return trip, they were involved in a two-vehicle accident. Byrd was driving the facility station wagon at the time of the collision.

Plaintiffs filed suit against the driver of the other vehicle and against Byrd for personal injuries sustained in the accident. All claims have been settled with original defendant. The remaining parties have filed cross-motions for summary judgment raising the sole issue of whether Byrd is immune from suit as a co-employee of plaintiffs based on section 72 of the Pennsylvania Workers' Compensation Act.

## DISCUSSION

Section 72 of the Workers' Compensation Act provides immunity from liability to a co-employee who negligently injures a fellow employee while acting within the course and scope of employment. On these cross-motions for summary judgment, we are presented with the very narrow issue of whether Byrd was acting in the course of her employment at the time of the accident so as to shield her with that immunity.

A motion for summary judgment will be granted when the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Pa. R.C.P. 1035(b). The facts in this case are undisputed as they have been stipulated to by the parties. Therefore, it is proper for us to determine, as a matter of law, whether Byrd's presence at the picnic and subsequent driving back to Laurel House were in the course of her employment. *Flanders v. Hoy,* 230 Pa. Super. 322, 326 A.2d 492 (1974).

"Course of employment" for purposes of the Workers' Compensation Act is defined as those acts which are done in furtherance of the business or affairs of the employer. The benefit to the employer must be a direct benefit, not merely an incidental one. *Carretti v.*

*Schwanger,* 404 Pa. Super. 51, 589 A.2d 1165 (1991), *alloc. denied,* 529 Pa. 615, 600 A.2d 532 (1991); *Workmen's Compensation Appeal Board v. Hickory Farms,* 28 Pa. Commw. 30, 367 A.2d 730 (1976). After reviewing the stipulated facts, we find that Byrd lost the protection of the immunity provision when she volunteered, on her own time, to accompany the other two resident advisors to the picnic and then volunteered to drive back to Laurel House.

On the day of the accident, Byrd worked her scheduled hours from 7 a.m. to 4 p.m. She did not immediately return to her home in Duquesne, Pennsylvania, but remained at Laurel House until she left for the picnic. Although Byrd does not remember exactly how it came to be that she decided to go to the picnic, it is undisputed that her employer did not request that she go, or was even aware that she went. Byrd was not paid for the hours she spent at the picnic, nor did she request to be paid.

Furthermore, Byrd's presence at the picnic was not necessary as there was sufficient staff to care for the needs of the Laurel House clients. While Byrd may have helped the other two resident advisors supervise the activities, and in every other way performed the same duties as they did, her being there was of merely incidental benefit to Laurel House, and not of direct benefit. The picnic would have taken place whether or not Byrd was present.

When the picnic activities ended, Byrd volunteered to drive everyone back to Laurel House. Again, she was not requested to do so, nor was it necessary that she drive. Either of the other two resident advisors could have driven on the return trip.

Based on the foregoing, we hold as a matter of law that Byrd, at the time of the accident, was not acting

in the course of her employment as she was not directly furthering the business or affairs of her employer. *Carretti, supra; Hickory Farms, supra.* She was not requested by her employer to go to the picnic, her services were not needed at the picnic, and she was not compensated for her hours spent there. She merely volunteered, on her own time, to help the other advisors. Therefore, Byrd cannot be afforded the co-employee immunity of the Workers' Compensation Act.

In conclusion, as there is no genuine issue of material fact, and we hold as a matter of law that Byrd was not acting in the course of her employment when the accident occurred, partial summary judgment must be entered for plaintiffs. Consequently, Byrd's motion for summary judgment must be denied as we hold that she is not immune from suit as a co-employee.

Consequently, we enter the following

### ORDER

And now, May 26, 1993, it is hereby ordered and directed that plaintiffs' motion for partial summary judgment is granted and additional defendant's motion for summary judgment is denied.