Boal *v.* State Workmen's Insurance Fund et al.,
Appellants.

Argued April 19, 1937.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and
RHODES, JJ.

*S. H. Torchia,* with him *Charles J. Margiotti,*
Attorney General, *John T. J. Brennan,* and *B. D. San-
domire,* for appellants.

*C. W. Martin,* for appellee.

OPINION BY JAMES, J., July 15, 1937:

Claimant's petition for compensation was granted by the referee, approved by the board and affirmed by the court of common pleas by a divided vote—Judges DUMBAULD and COTTOM affirming and President Judge HUDSON dissenting. From the judgment entered on the award, this appeal was taken, and the sole question is whether there is competent evidence to sustain the finding of the referee and the board that claimant was in the course of his employment at the time he suffered his injury.

From the uncontradicted testimony of claimant, the following facts were established: Claimant was employed by the Fayette County Relief Board as a janitor at the Gallatin Garden building, his duties being to keep the furnace fired and the building clean, and his hours of employment from 7 P. M. to 7 A. M. When he was first employed, his superior informed him that all he was required to do was to keep the building clean and the furnace fired, and when that work was done, he could do whatever he pleased, and could also go home to lunch. Occasionally he ate lunch at his place of employment and on other occasions went to a restaurant or his home, and his superior knew that he left his place of employment for his lunch. On Sunday evening, February 3, 1935, he began his usual employment at 7 P. M. and at 1 A. M., February 4, he went home—about fifteen minutes' walk—for his lunch, and about 4 A. M., on his return, while walking along the street, about two blocks from his employer's premises, he fell and sustained the injury for which compensation was awarded.

Article III, section 301, of the Workmen's Compensation Act (Act of June 2, 1915, P. L. 736, 738) provides inter alia: "The term 'injury by an accident in the course of his employment,' as used in this article ......shall include all other injuries sustained while

the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere......" In construing this section, it has been repeatedly held that where the accident occurs while off the employer's premises, the employee must be "actually engaged" in his employer's business. In *Maguire v. James Lees & Sons, Co.*, 273 Pa. 85, 88, 116 A. 679, former Chief Justice MOSCHZISKER, said: "A glance at our prior decisions will show that, in every instance where compensation was allowed for accidental injuries, occurring off the premises of the employer, the facts warranted the conclusion that the employee sustained his injuries while actually on the errand of, or during a time set apart for the performance of, some as yet uncompleted business of his employer; in other words, while actually engaged in the transaction of the latter's business." In *Palko v. Taylor-McCoy C. & C. Co.*, 289 Pa. 401, 404, 137 A. 625, the present Chief Justice said: "The term 'course of employment' has a necessary relation to the fact of employment while on the premises and a still closer relation to the fact of employment when an injury occurs off the premises. In the latter case, the employee must be actually engaged in his master's business. Our prior decisions show that, in each instance where compensation was allowed for accidental injuries, occurring off the premises, the facts warranted the conclusion that the employee sustained his injuries while actually engaged in the performance of some as yet incompleted business of his employer......Course of employment does not cover all the time during the day; it does not extend to intervals of time between regular working hours, nor to the interval between the regular working hours and a new, additional, or different work to be undertaken at another period of time, in which intervals the employee leaves the premises."

"If the employee is injured on the premises where

his duties do not require him to be, the departure from the usual place of employment must not amount to an abandonment of employment or become an act wholly foreign to his usual work, but must be an innocent or inconsequential departure from the place of duty. If the employee leaves the premises, his employer is not bound to pay compensation unless the employee was actually engaged in the furtherance of his master's business": *Hunter v. American Steel & Wire Co.*, 293 Pa. 103, 107, 141 A. 635. "If an insurance carrier is to be held liable for compensation to an employe as the result of an 'injury by an accident in the course of his employment' it should at least appear that the injury, if it occurred off the employer's premises, had some connection or was concerned in some manner with the business of the employer whose insurance the carrier undertook. The connection or interest need not be close—the injury need not arise out of the employment—but when the accident occurs off the employer's premises, the errand or work of the employe must bear some relation to the business, enterprise, trade or profession whose operations were insured. The term 'employe' as used in the act excludes persons whose employment is casual in character, 'and *not in the regular course of the business of the employer*' (Sec. 104), showing what was contemplated by the act": *Zenker v. Zenker*, 93 Pa. Superior Ct. 255, 258. The law is settled in this State that an employee is not entitled to compensation, unless he is at the time actually engaged in the furtherance of the employer's business; and that, in the absence of special circumstances, going to work or returning home from work does not constitute actual furtherance of the employer's business, and an accident so received is not in the course of employment: *Kerwin v. Susquehanna Col. Co.*, 112 Pa. Superior Ct. 594, 172 A. 24, and cases therein cited.

Claimant's duties contemplated that his work was

to be performed in the building occupied by his employer. Although his work was such that it did not require his constant application and continuous presence, the general permission, to do whatever he pleased, did not authorize him to leave the premises for his own purposes and still remain in the course of his employment. When he left the premises, selecting his own place to lunch, with the express or implied consent of his employer, his employment ceased and he was then engaged on a personal mission, which had no relation to the business in which his employer was engaged. From the time of his departure until he returned to his place of employment, he was not "within the course of his employment" as contemplated by the compensation act: *Freeman v. Salem Reformed Church,* 125 Pa. Superior Ct. 367, 190 A. 159. His status is not affected because he was permitted to select his own lunch hour, nor is it any different from that of any employee who has a fixed time for lunch. That such refreshments are a necessity and, undoubtedly, fit the employee for the performance of his work, cannot be denied; his leaving the premises, however, was a matter that was purely personal to him and bore no relation to the duties which he was required to perform. Although claimant's hours of employment were from 7 P. M. to 7 A. M., which included a lunch period, it is clear that during such lunch period if off the employer's premises the employee was not engaged in any mission or errand on behalf of his employer, and consequently not "actually engaged in the furtherance of his employer's business."

The referee and the board relied upon *Cymbor v. Binder Coal Co. et al.,* 285 Pa. 440, 132 A. 363, and the majority opinion, upon *Voehl v. Indemnity Insurance Co.,* 288 U. S. 162, as authority for their determination. As we view both of these cases, the facts are entirely different from the case at bar. In *Bossard v.*

*N. & J. Pk. Co. & U. S. F. & G. Co.,* 93 Pa. Superior Ct. 301, 305, in discussing *Cymbor v. Binder Coal Co.,* supra, Judge KELLER (now President Judge) said: "It was because of the special circumstances of Cymbor's employment, which covered the time going to and coming from the premises to start the pumps, and for which he was paid extra by the hour, that it was held that the general rule did not apply and that the claimant was entitled to recover......" In *Voehl v. Indemnity Insurance Co.,* supra, the employee was injured on a Sunday while on his way to his employer's place of business. His regular hours were from 7:30 A. M. to 5:30 P. M. and in addition to these hours he was "on duty all of the time, on our call"; he used his own automobile and when at work for the company outside of office hours and on Sundays was paid a mileage rate of five cents a mile for the use of his car and at the rate of 75 cents per hour from the time he left his home until his return. Under such facts, the Supreme Court held that the fact finding authority was warranted in finding that the terms of employment covered the period of service from the time he left his home until his return.

For the reasons above stated, we cannot agree with the view of the court below and the compensation authorities. The judgment is reversed and the award of the referee, as approved by the Workmen's Compensation Board, is set aside: *Anderson v. Baxter et al.,* 285 Pa. 443, 132 A. 358.