Richard Cozza, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Respondent.

Argued March 3, 1978, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Ernest B. Orsatti,* with him *Jubelirer, Pass & Intrieri,* for petitioner.

*J. Michael Doherty,* with him *Doherty, Heck & Robb,* and *James N. Diefenderfer,* for respondent.

OPINION BY JUDGE MENCER, April 7, 1978:

Richard Cozza (claimant) appeals from a decision of the Workmen's Compensation Appeal Board (Board) which held that he was ineligible for benefits since he was not injured in the course of his employment within the meaning of Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411 (1). We affirm.

Claimant, who was employed by the Pittsburgh Press Company as a keyroom dispatcher, normally performed his duties on the employer's premises. He was permitted to select his own lunch hour as his work permitted. On December 9, 1975, at about 11:15 a.m., claimant left his employer's premises and walked to a nearby restaurant to pick up a sandwich. He then walked to a church, where he remained for a short time. While he was walking from the church to his place of employment, he slipped and fell on an icy manhole cover in a public street, breaking his ankle.

Claimant filed a claim petition seeking workmen's compensation benefits. After a hearing at which only the claimant testified, a referee awarded benefits. When the Board reversed and denied benefits, claimant appealed to this Court.

The only issue in this case is whether or not claimant was injured in the course of his employment.

The statute, as in effect now and prior to 1972, clearly provides for two distinct categories of injuries which may 'arise in the course of employment': 1) those sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether sustained on or off the employer's premises; and 2) those sustained by the employee on his employer's premises, provided that the injuries are caused by the condition of the premises or by the operation of the employer's business or affairs thereon and provided that the employee's presence is required thereon by the nature of his employment.

*North American Rockwell Corp. v. Workmen's Compensation Appeal Board*, 21 Pa. Commonwealth Ct. 437, 440-41, 346 A.2d 379, 381-82 (1975).

Since the claimant here was not on his employer's premises when he was injured, the only question is

whether or not he was actually engaged in the furtherance of his employer's business.

It has been held on several occasions, under facts almost identical to the instant case, that an employee who is injured while on a lunch break off the employer's premises is not furthering the affairs of the employer and is therefore ineligible for benefits. *Hreha v. Harry Sugerman, Inc.*, 24 Pa. Commonwealth Ct. 216, 354 A.2d 582 (1976); *Peccon v. Francis Market*, 207 Pa. Superior Ct. 36, 215 A.2d 261 (1965); *Rybitski v. Lebowitz*, 175 Pa. Superior Ct. 265, 104 A.2d 161 (1954); *Boal v. State Workmen's Insurance Fund*, 127 Pa. Superior Ct. 237, 193 A. 341 (1937).

Claimant seeks to avoid this result by relying on *Workmen's Compensation Appeal Board v. Borough of Plum*, 20 Pa. Commonwealth Ct. 35, 340 A.2d 637 (1975), where benefits were awarded to the widow of a truck driver who was shot and killed while either relieving himself or preparing to eat lunch along the side of a public road. *Plum* involved an employee who was off the employer's premises as part of his duties as a truck driver. The case was decided on the well-established principle that "course of employment" embraces intervals of leisure within regular hours of the working day and that momentary departures from the work routine do not remove an employee from the course of his employment. *See, e.g., Dzikowska v. Superior Steel Co.*, 259 Pa. 578, 103 A. 351 (1918). Breaks which allow the employee to administer to his personal comfort better enable him to perform his job and are therefore considered to be in furtherance of the employer's business.

Unlike the truck driver in *Plum*, the claimant here performed his normal duties on the employer's premises, and he did more than merely take a lunch break. The following portion of the Superior Court's deci-

sion in *Boal v. State Workmen's Insurance Fund, supra,* is dispositive of claimant's argument:

> Claimant's duties contemplated that his work was to be performed in the building occupied by his employer. Although his work was such that it did not require his constant application and continuous presence, the general permission, to do whatever he pleased, did not authorize him to leave the premises for his own purposes and still remain in the course of his employment. When he left the premises, selecting his own place to lunch, with the express or implied consent of his employer, his employment ceased and he was then engaged on a personal mission, which had no relation to the business in which his employer was engaged. . . . His status is not affected because he was permitted to select his own lunch hour, nor is it any different from that of any employee who has a fixed time for lunch. *That such refreshments are a necessity and, undoubtedly, fit the employee for the performance of his work, cannot be denied; his leaving the premises, however, was a matter that was purely personal to him and bore no relation to the duties which he was required to perform.* Although claimant's hours of employment were from 7 P.M. to 7 A.M., which included a lunch period, it is clear that during such lunch period if off the employer's premises the employee was not engaged in any mission or errand on behalf of his employer, and consequently not 'actually engaged in the furtherance of his employer's business.' (Emphasis added.)

127 Pa. Superior Ct. at 240-41, 193 A. at 343. *See also Rybitski v. Lebowitz, supra.*

Since the decision of the Board is fully supported by the case law, we must affirm the denial of benefits.

610

## ORDER

AND Now, this 7th day of April, 1978, the order of the Workmen's Compensation Appeal Board, dated April 21, 1977, dismissing the claim petition of Richard Cozza, is hereby affirmed.