D'Agata National Inc. et al., Petitioners *v.* Workmen's Compensation Appeal Board (D'Agata), Respondents.

Argued April 2, 1984, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and COLINS, sitting as a panel of three.

*Charles S. Katz, Jr., Swartz, Campbell & Detweiler,* for petitioners.

*Joseph F. Mulcahy, Jr.,* for respondent, Joseph D'Agata.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 10, 1984:

D'Agata National Inc., and Protective Insurance Company (D'Agata National) appeal a Workmen's Compensation Appeal Board decision affirming a referee's award for the total loss of sight in Joseph D'Agata's left eye. We affirm.[1]

---

[1] In a workmen's compensation case in which the party with the burden of proof prevailed before the Workmen's Compensation Appeal Board, we limit our scope of review to determining whether an error of law was committed or whether the necessary findings of fact were supported by substantial evidence. *Broadwood Chuckwagon v. Workmen's Compensation Appeal Board*, 74 Pa. Commonwealth Ct. 426, 428, 459 A.2d 1355, 1356 (1983).

D'Agata was shot twice in the head and four times in the abdomen while entering a mobile luncheonette. The luncheonette was located on the employer's property, adjacent to the work premises. The referee found that the assailant appeared to be in the act of committing a robbery. D'Agata was awarded total disability benefits from December 30, 1975 until approximately January 3, 1977, and partial benefits thereafter.

D'Agata National contends that D'Agata was not in the course of his employment when his injury occurred because he was not on premises "occupied by or under the control of employer" nor on property upon which the "employer's business or affairs" were carried on within the meaning of Section 301(c)-(1) of The Pennsylvania Workmen's Compensation Act (Act).[2] We disagree.

---

[2] Section 301(c) provides:

The terms "injury" and "personal injury," . . . shall be construed to mean an injury to an employe . . . arising in the course of his employment and related thereto. . . . The term "injury arising in the couse of his employment,". . . shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment; but shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the employe's presence thereon being required by the nature of his employment.

The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411 (1).

" 'Arising in the course of his employment,' by definition in the Section, includes all injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether or not he is actually on the employer's premises.' "[3] *Workmen's Compensation Appeal Board v. Borough of Plum,* 20 Pa. Commonwealth Ct. 35, 39, 340 A.2d 637, 639 (1975). The record reveals that D'Agata left his office in order to meet with potential customers. He entered the luncheonette momentarily to have a cup of coffee. Minor deviations for personal comfort or leisure will not break the chain of conduct in the "course of employment" even if the employee is off the work premises. *Id.* at 40, 340 A.2d at 640. There is no evidence to support the employer's contention that D'Agata's workday was over, or that he was not furthering the employer's business.

D'Agata National's second contention is that D'Agata provoked the robber by attempting to grab his gun and was, therefore, the victim of an assault for reasons personal to the assailant.[4] The victim of a personal assault is excluded from the definition of "injury" within the meaning of Section 301(c)(1) of the Act. This Court, however, has previously held that, where there is no pre-existing animosity between a third-party assailant and his victim, compensation will be awarded. *Borough of Plum,* 20 Pa. Common-

---

[3] The burden is upon the claimant to establish that he was actually furthering the employer's business where the injury occurs off the employer's premises. *Pittsburgh Hyatt House, Inc. v. Workmen's Compensation Appeal Board,* 62 Pa. Commonwealth Ct. 556, 559, 437 A.2d 461, 463 (1981).

[4] The burden of proving that an injury was caused by an act of a third person, intending to injure for reasons personal to the assailant, rests with the employer. *See General Electric Co. v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 45, 48, 412 A.2d 196, 197 (1980).

wealth Ct. at 41-42, 340 A.2d at 641. The record reveals no evidence of a pre-existing animosity between the third-party assailant and D'Agata.

Affirmed.

ORDER

The order of the Pennsylvania Workmen's Compensation Appeal Board, No. A-82183 dated January 6, 1983, is affirmed.