556 A.2d 522

Anthony Stevens, Petitioner *v.* Workmen's Compensation Appeal Board (Pennsylvania Gas and Water Company), Respondents.

Submitted on briefs February 15, 1989, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge NARICK, sitting as a panel of three.

*George G. Oschal , III*, with him, *Michael J. Cefalo, Law Offices of Cefalo & Associates,* for petitioner.

*Kathleen A. Lenahan, Lenahan & Dempsey, P.C.,* for respondents.

OPINION BY SENIOR JUDGE NARICK, March 29, 1989:

Anthony Stevens (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) that reversed the referee's award of benefits. We affirm.

The facts are as follows. Claimant was employed by Pennsylvania Gas and Water Company (Employer) as a customer repairman. On January 22, 1985, he was scheduled to work until 8:30 p.m. Due to extremely cold temperatures, an increase in customer repairs resulted, which necessitated Claimant work overtime. At approximately 11:00 p.m., Claimant finished a service call and travelled to a local pancake house to get a cup of coffee and call the Employer for his next assignment.

After Claimant parked his vehicle and began walking to the restaurant, he heard a horn blow and noticed one of the two occupants of a vehicle making obscene gestures at him. Claimant walked to the car, approximately 30-40 feet away and looked in the driver's side window. The Claimant, not recognizing the occupant, opened the car door. Confrontational words were exchanged and Claimant removed his jacket before a fist-fight ensued with the driver of the vehicle. During this altercation, Claimant suffered an injury which resulted in the loss of use of Claimant's left eye.

At the hearing before the referee, conflicting testimony was presented as to whether Claimant or the driver of the vehicle started the fight. The referee did not resolve this issue, but found:

> that the Claimant did not deviate so much from his employment by stopping at the restaurant or arguing with [the driver] that he was not in the scope of his employment when the above[-]described incident happened, nor did the referee find that the Claimant engaged in a fight solely for personal reasons as this incident happened spon-

taneously and was not the result of prior animosities. (Finding of Fact No. 8.)[1]

Employer appealed alleging that the referee erred as a matter of law in finding that Claimant was within the scope of his employment at the time of the fight. The Board believed the referee ignored key aspects of Claimant's testimony which it felt were critical: 1) that the car in question was 30-40 feet away from Claimant, 2) that Claimant walked around to the driver's side of the car and opened the door, and 3) that Claimant removed his jacket before the fight ensued. The Board reversed and concluded that the referee's Finding of Fact No. 8 was erroneous in finding Claimant had not deviated so much from his employment. The Board found the fight was "wholly foreign" to Claimant's scope of employment. Claimant then filed this appeal.

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

Section 301(c) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411(1) provides in pertinent part that:

[t]he term 'injury arising in the course of employment,' as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment; but shall

---

[1] Finding of Fact No. 8 is a legal conclusion that Claimant was within his scope of employment which is therefore, reviewable by the Board.

include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, ... .

Claimant argues that he was within the scope of his employment when he stopped at the restaurant, and that his deviation from the course of employment was not so extreme as to be total abandonment of that employment. Employer submits that even if Claimant's restaurant stop was within the scope of employment, Claimant's actions, engaging in the fight, were so foreign as to Employer's objectives that they constituted a substantial deviation and abandonment of that employment.

It is well-settled law that a Claimant must prove that his injury arose in the course of his employment and was related thereto. *Smith v. Workmen's Compensation Appeal Board,* 63 Pa. Commonwealth Ct. 340, 437 A.2d 1301 (1981). Neither small temporary departures from work to administer to personal comforts or convenience, *Mitchell v. Holland Furnace Co.,* 189 Pa. Superior Ct. 82, 149 A.2d 662 (1959), nor inconsequential or *innocent* departures break the course of employment. *Workmen's Compensation Appeal Board v. Borough of Plum,* 20 Pa. Commonwealth Ct. 35, 340 A.2d 637 (1975). A travelling employee while so engaged is within the scope of his employment unless what he was doing at the time of the accident is so foreign to and removed from his usual employment as to constitute an abandonment thereof. *Port Authority of Allegheny County v. Workmen's Compensation Appeal Board (Stevens),* 70 Pa. Commonwealth Ct. 163, 452 A.2d 902 (1982).

In *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973), we held that in determining whether or not an accident occurred outside the scope of employment, the claim-

ant's actions must be wholly foreign to the course of employment.

In another case, *Maher v. Hallmark Cards, Inc.*, 207 Pa. Superior Ct. 472, 218 A.2d 593 (1966), a travelling salesman went outside his territory to assist a fellow salesman in assembling a store display. While returning home, the travelling salesman was fatally injured in an automobile accident. We held that even though he was not performing his assigned duties, the scope of employment of the travelling salesman encompassed his actions. The actions were not wholly foreign to his employment so that the accident fell within the scope of employment.

The Board concluded that Claimant's actions were deviations from his employment when he turned to walk to the car instead of walking into the restaurant. Claimant further deviated from his employment when he opened the driver's door, confronted the driver and removed his jacket before the fight ensued and thereby, his actions were wholly foreign to the scope of his employment. We agree.

In cases which involve travelling employees the scope of employment is necessarily broader than that of employees engaged on the employer's premises. *Krapf v. Arthur*, 297 Pa. 304, 146 A. 894 (1929); *Capitol International Airways, Inc. v. Workmen's Compensation Appeal Board*, 58 Pa. Commonwealth Ct. 551, 428 A.2d 295 (1981).

In *Hallmark Cards, Inc.*, which involved an accident while the travelling employee had deviated from his scope of employment, benefits have been granted because his actions have not been viewed as wholly foreign to his course of employment. In another scope of employment case, *Borough of Plum*, a truck driver, who hauled asphalt between the plant and a job site, was shot to death on the road side when he had stopped for personal

convenience. Although this travelling employee had deviated from the scope of his employment when he was attacked, we held his actions again were not so wholly foreign to his employment so as to deny benefits.

But in a case, as here, where Claimant is not in an accident or attacked, but instead walked toward the vehicle, opened the door, challenged and exchanged words with the driver and removed his jacket, these actions cannot be viewed as an "innocent departure" from the course of employment.

Claimant's second argument that "but for" his overtime employment, he would not have been at the restaurant also fails. This "but for" argument in *Borough of Plum*, stands for the proposition that a claimant's minor deviation does not break his engagement in the furtherance of his employer's business. We stated in *Borough of Plum*, that "but for" the decedent's hauling of asphalt he would not have been in the place where he was shot. This statement had reference not to the question of whether decedent was in the course of his employment but whether his death was related to the employment.

> The 'but for' language was not intended for application to determinations of whether the employee's injury was sustained while he was actually engaged in the business or affairs of his employer and certainly not intended to provide that every injury sustained by a worker which would not. have been sustained if he had not been employed, including injuries sustained [by a worker which would not have been sustained] while going to and from work, should be compensable.

*Pittsburgh Hyatt House, Inc. v. Workmen's Compensation Appeal Board (Kamora)*, 62 Pa. Commonwealth Ct. 556, 561, 437 A.2d 461, 463 (1981). Claimant here is inappropriately attempting to use the "but for" argument

in relation to the scope of his employment and not in relation to whether his acts were related to the employment, which they were not.

Accordingly, we affirm the Workmen's Compensation Appeal Board order denying Claimant benefits.

ORDER

AND NOW, this 29th day of March, 1989, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.