621 A.2d 1221

**Deborah PESTA, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (WISE FOODS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 27, 1992.

Decided March 1, 1993.

618

Michael W. Simon, III, for petitioner.

Robert A. Eckenrode, for respondent.

Before PALLADINO and PELLEGRINI, JJ., and NARICK, Senior Judge.

PALLADINO, Judge.

Deborah Pesta (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which reversed the referee's award of benefits. We affirm.

This matter arises from the death of Allen R. Renaud, Sr. (the decedent) who was killed in an accident, while in the employ of Wise Foods (Employer). The decedent was survived by a minor child. Claimant, mother and natural guardian of the child, filed a fatal claim petition on his behalf.

Before the referee, the parties stipulated to the facts which follow. On the date of the accident, the decedent, who worked in Employer's shipping and receiving department, was assigned to a shift which had two fifteen-minute breaks. During these breaks, Employer permitted employees to leave the plant premises and to attend to their personal needs. During his last break which began at 10:36 p.m., the decedent went to his vehicle which was parked on a public street. His purpose in going to his vehicle was to deposit aluminum cans that he collected from the plant for his financial benefit. Although the activity of collecting cans was not prohibited by Employer, the parties specifically stipulated that "[s]aid activity was also not in furtherance of [E]mployer's business or affairs." Referee's

Decision and Order of December 10, 1990, at 4. At approximately 10:50 p.m., while attempting to cross the street on his return to the plant, the decedent was struck and killed by a passing motor vehicle.

Finding that the decedent's activities were not a significant deviation from the course of his employment, the referee awarded Claimant benefits. The Board reversed on the grounds that the decedent was not injured on Employer's premises and he was not furthering Employer's business when the injury occurred.

▇▇▇ On appeal to this Court, the only issue presented is whether the decedent was fatally injured while in the course of his employment.[1]

▇▇▇ The question of whether an employee is acting within the scope of his employment is one of law, which is based upon the findings of fact. *Lang v. Workmen's Compensation Appeal Board (U.S. Steel Corp.)*, 108 Pa.Commonwealth Ct. 381, 529 A.2d 1161 (1987), *petition for allowance of appeal denied*, 518 Pa. 614, 540 A.2d 535 (1988). Because the parties to this action entered into a stipulation of facts, there is no factual dispute.

Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act (Act)[2] provides in pertinent part: "The term 'injury arising in the course of ... employment,' as used in this article, ... shall include all ... injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere ..." In support of her position that the decedent's injury occurred in the course of his employment, Claimant asserts that an employee's minor deviations from the course of his employment will not bar compensation. Claimant relies on *Workmen's Compensation Appeal Board*

---

1. Our scope of review is limited to determining whether constitutional rights were violated or an error of law was committed and whether all necessary findings of fact are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Sebro)*, 132 Pa.Commonwealth Ct. 288, 572 A.2d 843 (1990).

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 411(1).

*(Shremshock) v. Borough of Plum,* 20 Pa.Commonwealth Ct. 35, 340 A.2d 637 (1975) (in which an employee was fatally shot by a fleeing bank robber on a roadway where he had stopped to eat lunch or to relieve himself). In *Plum,* we held that an employee's momentary or temporary departures from the work routine to administer to personal comforts do not break the continuity of the course of his employment.

*Plum* and the other cases relied upon by Claimant, however, are distinguishable from the case at bar. Specifically, these cases involved employees whose duties included travel. In the instant case, travel was not one of the decedent's duties. This Court has analyzed "course of employment" cases in two ways, drawing a distinction between a "travelling employee" and a "stationary employee." *Collins v. Workmen's Compensation Appeal Board (American Society for Testing and Materials),* 99 Pa.Commonwealth Ct. 228, 512 A.2d 1349 (1986), *petition for allowance of appeal denied,* 515 Pa. 610, 529 A.2d 1083 (1987). We have found that in cases involving travelling employees, the "course of employment" is broader and there is a presumption that the employee is engaged in the furtherance of his employer's business even when he deviates from his normal work routine for lunch or breaks. *Denny's Restaurant v. Workmen's Compensation Appeal Board (Stanton),* 142 Pa.Commonwealth Ct. 531, 597 A.2d 1241 (1991). In cases involving stationary employees, however, the interpretation is narrower. *Id.*

In the case at bar, because no assertion was made that the decedent's position was one requiring travel, the proper analysis to follow is whether the decedent left Employer's premises for purely personal reasons or whether he left for reasons related to the duties he was required to perform. *Id.* The record shows that the decedent's conduct in collecting the aluminum cans was purely personal in nature. The decedent collected cans during his break for his own financial benefit, not the benefit of Employer. Moreover, the parties stipulated that the decedent's act in collecting the cans was not in furtherance of the business or affairs of Employer. The decedent was merely a member of the general public on a

public street and was not on a mission directly related to his employment. Given that the decedent left Employer's premises for personal reasons which had no relation to the business of Employer, we hold that the decedent was not fatally injured while in the course of his employment.

Furthermore, we reject Claimant's argument that because Employer was aware of the decedent's conduct and did not prohibit it, Claimant is entitled to benefits. We have repeatedly held that merely allowing an employee to perform the act without directly ordering its performance will not support an award. *E.g., Weaver v. Unemployment Compensation Appeal Board (Ribstone Silos of Pennsylvania)*, 90 Pa.Commonwealth Ct. 262, 494 A.2d 882 (1985) (employee was not in course of employment, despite supervisor's awareness that employees went swimming during breaks, when employee drowned in river). In the instant case, the fact that Employer was aware of the decedent's conduct and did not prohibit it is not relevant. Nor is it relevant, as Claimant suggests, that the injury occurred during a break that Employer required the decedent to take.[3] What is relevant is that Employer did not order or direct the conduct.

We, therefore, conclude that the decedent was not acting in the course of his employment when the fatal injury occurred. Accordingly, we affirm the order of the Board.

## ORDER

AND NOW, March 1, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

---

**3.** We also reject Claimant's argument that but for the fact that the decedent was at work that day he would not have been crossing the public street where he was struck and killed by the passing car. In *Stevens v. Workmen's Compensation Appeal Board (Pennsylvania Gas and Water Co.)*, 124 Pa.Commonwealth Ct. 486, 491, 556 A.2d 522, 525 (1989), we concluded that the "but for" argument "was not intended for application to determinations of whether the employee's injury was sustained while he was actually engaged in the business or affairs of his employer, and certainly not intended to provide that every injury sustained by a worker would not have been sustained if he had not been employed."