**THE BABY'S ROOM, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (Ryan and Kathleen STAIRS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Sept. 10, 2004.

Decided Oct. 13, 2004.

Martha J. Guhl, Philadelphia, for petitioner.

Levi S. Wolf, Pottstown, for respondents.

BEFORE: PELLEGRINI, Judge, and LEAVITT, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

The Baby's Room (Employer) appeals from an order of the Workers' Compensation Appeal Board (Board) affirming the decision of the Workers' Compensation

Judge (WCJ) granting Ryan Stairs (Claimant) workers' compensation benefits because he was in the course and scope of his employment at the time he was injured.

Claimant was employed by Employer as a furniture delivery person. On November 14, 2000, he was finishing up a delivery of baby furniture to a residence with his supervisor, Randy Robinson (Robinson). While they were walking back to the delivery truck, Claimant suddenly jumped up to touch a basketball rim that was on the driveway of the property of the delivery, but his hand slipped off the rim and he fell backwards, hitting his head on the concrete pavement. Claimant suffered a traumatic brain injury.

Claimant filed a claim for workers' compensation benefits seeking total disability benefits alleging that while in the course and scope of his employment, he suffered a severe closed head injury; bilateral pneumothoraces and status post feeding tube in the jejunum with complications. Employer denied that Claimant was injured while in the course of his employment, arguing instead that he was finished working for the day at the time of his injury.

At the hearing before the WCJ, Claimant submitted the deposition testimony of Robinson who stated that he worked for Employer for over 20 years as a truck driver, shipper and receiver. He testified that Claimant had been working for Employer for approximately six months at the time of his injury. He further stated that on November 14, 2000, after he and Claimant were finished delivering the baby furniture to a private residence, Claimant finalized the bill, walked to the truck and placed his clipboard on the back of the truck and then suddenly proceeded to run towards the basketball rim and jump up to try and grab it. However, because it had rained earlier in the day, the rim was wet, Claimant's fingers slipped, and Claimant fell to the ground hitting his head. He explained that Claimant's actions were very sudden and without warning, but as his supervisor, he did not find them to be significantly inconvenient or particularly bothersome. Robinson further stated that because that was the last delivery of the day, had Claimant not hit his head, they would have had to return the delivery truck to the warehouse and sign their time sheets before going home. The parties submitted a stipulation of facts regarding Claimant's medical condition, i.e., that he suffered a severe closed head injury; bilateral pneumothoraces; and status post feeding tube in the jejunum with complications.

The WCJ granted Claimant's claim petition concluding that he was injured in the course and scope of his employment. He relied on the testimony of Robinson, stating in finding of fact # 5: "The testimony of Randy Robinson is credible. This Judge especially notes that Mr. Robinson, as claimant's supervisor, was not and would not have been bothered by claimant's actions in briefly attempting to grab the basketball rim." (WCJ's July 12, 2002 decision at 1.) Employer appealed to the Board arguing that the WCJ erred in finding that Claimant's injuries occurred during the course and scope of his employment because his actions deviated far from the furtherance of Employer's business affairs, and that Claimant had completed his job duties for the day and was not making a small departure from work to administer to personal comforts or conveniences.

The Board disagreed with Employer, concluding not only that his jumping up to touch the basketball rim was only a slight deviation from his employment, but that he had not completed his job duties for the day because he still had to return the delivery truck to the warehouse and sign a timesheet before going home. The Board

then affirmed the WCJ's decision and Employer filed a petition for review with this Court.[1] In response, Claimant requested that we award counsel fees pursuant to Pa. R.A.P. 2744[2] because the appeal was frivolous.[3]

 Section 301(c)(1) of the Pennsylvania Workers' Compensation Act (Act)[4] provides, in relevant part, that "the term 'injury arising in the course of his employment,' as used in this article ... shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the Employer's premises or elsewhere." A traveling employee is within the scope of his employment unless what he was doing at the time of the accident is so foreign and removed from his usual employment as to constitute an abandonment of his duties.[5] *Port Authority of Allegheny County v. Workmen's Compensation Appeal Board*

*(Stevens)*, 70 Pa.Cmwlth. 163, 452 A.2d 902 (1982). However, neither small temporary departures from work to administer to personal comforts or convenience, nor inconsequential or innocent departures break the course of employment. *U.S. Airways v. Workers' Compensation Appeal Board (Dixon)*, 764 A.2d 635 (Pa. Cmwlth.2000), *petition for allowance of appeal denied*, 567 Pa. 753, 788 A.2d 382 (2001). It is the claimant's burden to prove by substantial competent evidence that he was injured in the course and scope of his employment and became disabled as result. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 535 Pa. 135, 634 A.2d 592 (1993).

 At the core of this case is whether Claimant's action of grabbing the basketball rim, which Claimant agrees was not in furtherance of Employer's business, was something more than a temporary, inconsequential departure from work so as

1. Employer also requested a supersedeas which we denied.

2. Pa. R.A.P. 2744 provides, in relevant part:
 In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including
 (1) a reasonable counsel fee
 if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious.

3. Our scope of review of the Board's decision is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Schemmer v. Workers' Compensation Appeal Board (U.S.Steel)*, 833 A.2d 276 (Pa.Cmwlth.2003). Substantial evidence is such evidence that a reasonable mind might accept as adequate to support a conclusion. *North Lebanon Township v. Workers' Compensation Appeal Board (Harbaugh)*, 829 A.2d 394 (Pa.Cmwlth.2003).

4. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 411(1).

5. Whether a claimant is a traveling or stationary employee is relevant for determining whether an injury sustained while on a departure from work duties is compensable. Injuries sustained by traveling employees are given more latitude when considered if compensable. When considering whether an employee's injury is compensable and whether he or she is a traveling or stationary employee, each case is determined on a case-by-case basis. *Beaver and Casey, Inc. v. Workmen's Compensation Appeal Board (Soliday)*, 661 A.2d 40 (Pa.Cmwlth.1995). Factors to be considered are whether the claimant's job duties include travel, whether the claimant works on the employer's premises, or whether the claimant has no fixed place of work. *Id.* at 42. Because Claimant's job duties require him to travel daily from employer's warehouse to various locations to deliver furniture, he is a traveling employee.

not to break the course of his employment. In answering whether a departure from work is lengthy or temporary, monumental or minor, i.e., whether it is a break in the course of employment or not, there is no fixed standard by which to make such a determination. Each case is fact specific and will be determined by its particular facts.[6] While Employer points out that the term "course of employment" includes "personal comforts or conveniences" such as lunch breaks, coffee breaks and restroom breaks,[7] none of which encompass the events which took place here, the term also "embraces intervals of leisure." "Leisure" is defined as "freedom or spare time provided by the cessation of activities" and "free time as a result of temporary exemption from work or duties." Webster's Third New International Dictionary 1292 (1993). The actions of Claimant in this case are more akin to actions associated with "intervals of leisure."

■ In *Mitchell v. Holland*, 189 Pa.Super. 82, 149 A.2d 662 (1959), which the Board relied upon, the Court held that a more serious departure from work duties than in this case ultimately causing the death of the claimant was compensable. In that case, the claimant/salesman was working with another salesman for the

employer taking orders door-to-door. When the claimant finished working his side of the street, he met up with his associate who was at a customer's home that had a cherry tree. Both the claimant and the other salesman requested and received permission to pick some cherries. When the claimant climbed the tree using a ladder, he fell to the ground fracturing his skull and died. A fatal claim petition was filed by the claimant's widow that was denied by the referee, but granted by the Board. On appeal, the issue was whether the claimant was in the course of his employment at the time of his death. The Superior Court held that the claimant was in the course of his employment, explaining its reasoning as follows:

> "Decedent's work as a canvasser or traveling salesman was principally off-premises-employment. As such the term 'course of employment' must be given a more liberal construction than where the employment is to be performed on the premises." (Citations omitted.)

> "'Course of Employment' has been defined in many cases. One of the definitions often cited is found in *Lewis v. Capital Bakers*, 144 Super. 171, 144 [Pa.]Super. 171, 18 A.2d 883:

---

6. Although Employer also argues that because Claimant's actual job duties had been completed at the time he grabbed the basketball rim, Claimant clearly was not in the furtherance of its business. Robinson testified that he and Claimant still had to return the delivery truck to the warehouse and sign a timesheet before heading home. Those actions constitute work in furtherance of Employer's business or affairs.

7. The "personal comfort doctrine" recognizes that "[b]reaks which allow the employee to administer to his personal comfort better enable him to perform his job and are therefore considered to be in furtherance of employer's business." *Cozza v. Workmen's Compensation Appeal Board*, 34 Pa.Cmwlth. 605, 383 A.2d

1324, 1325 (1978). *See Montgomery Hospital v. Workers' Compensation Appeal Board (Armstrong)*, 793 A.2d 182 (Pa.Cmwlth.2002) (claimant's momentary departure from work to use bathroom did not remove him from course of employment when injured while rising from toilet); *U.S. Airways v. Workers' Compensation Appeal Board (Dixon)* (claimant injured while returning to work after picking up takeout food for lunch was in course and scope of employment); *D'Agata National, Inc., v. Workmen's Compensation Appeal Board (D'Agata)*, 84 Pa.Cmwlth.527, 479 A.2d 98 (1984) (claimant injured while entering mobile luncheonette to get cup of coffee before meeting with potential customers within course and scope of his employment).

"... an injury in the course of employment embraces all injuries received while engaged in furthering the business of the employer and injuries received on the premises, subject to these limitations: (1) the employee's presence must ordinarily be required at the place of injury; or, (2) if not so required, the departure of the servant from the usual place of employment must not amount to an abandonment of employment, or be an act wholly foreign to his usual work, **it must merely be an innocent or inconsequential departure from the line or place of duty.**"

" 'Course of Employment' embraces intervals for leisure within regular hours of working day. *Hess v. Catholic Knights of St. George,* 149 [Pa.]Super. 575, 27 A.2d 542. A slight and temporary departure from work and administering to employee's personal comforts or conveniences does not break the course of employment. *Baumann v. [Howard J.] Ehmke Co.,* 126 [Pa.]Super. 108, 190 A. 343. In order that employee's departure from duties should not bar right to compensation, departure must not amount to abandonment but must be innocent or inconsequential. *Hunter v. American Steel & Wire Co.,* 293 Pa. 103[, 141 A. 635]. Neither the statute nor the cases construing it require that the employee must have been actually engaged in his work when injured." (Citations omitted.)

*Mitchell,* 149 A.2d at 664–65. (Emphasis added.) The Court further stated that although it found support for the award of benefits based on the fact that the cherry picking occurred in the presence of the employer's other salesman and it was part of the claimant's sales duties so as to gain the attention of a prospective customer, it went on to state that "even if decedent's act of cherry picking is not construed to be part of his employment, it nevertheless constitutes such a slight departure as not to break the course of employment." *Id.* See also *Dzikowska v. Superior Steel Company,* 259 Pa. 578, 583, 103 A. 351, 352 (1918) (claimant who was burned lighting a cigarette at work while waiting for the arrival of material granted benefits because "it is not unreasonable for workmen to smoke out of doors, during intervals of work, where it does not interfere with their duties.") [8]

■ Because an interval of leisure would certainly include a short cessation from work duties, we would allow that definition to include Claimant's actions of running from the delivery truck and jumping up to touch the rim of a basketball

---

**8.** Employer also argues that Claimant's actions were reckless, dangerous and imprudent. However, it was Employer's burden to prove that Claimant acted recklessly, *Evans v. Workers' Compensation Appeal Board (Hotwork, Inc.),* 664 A.2d 216 (Pa.Cmwlth.1995), and Robinson, whom the WCJ found credible, testified that he was not bothered by Claimant's actions. Therefore, Employer's argument is unsupported and without merit.

Employer further argues that the facts of this case—a momentary jump in the air to grab a basketball rim—is analogous to the facts in *Stevens v. Workmen's Compensation Appeal Board (Pennsylvania Gas & Water Co.),* 124 Pa.Cmwlth.486, 556 A.2d 522 (1989), where the claimant finished a service call, stopped at a restaurant to get a cup of coffee, but before entering the restaurant was confronted by an unknown person with whom he got into a fight causing him to lose his eye. In that case, the claimant was not considered to be in the course and scope of his employment and did not receive benefits because the claimant "walked toward the vehicle, opened the door, challenged and exchanged words with the driver and removed his jacket ..." *Stevens,* 556 A.2d at 524. Because the claimant's actions were not an innocent departure from the course of his employment, unlike here, *Stevens* is not analogous to the facts presented in this case.

hoop, and consider those actions as an inconsequential departure from delivering furniture for Employer.[9]

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, this 13th day of October, 2004, the order of the Workers' Compensation Appeal Board, dated December 18, 2003, at A02–1930, is affirmed. Ryan Stairs' request for counsel fees is denied.

---

**9.** Employer also argues that counsel fees were not warranted because it did not engage in a frivolous appeal, while Claimant contends that its appeal was frivolous because it lost before both the WCJ and the Board, yet it still filed an appeal. Just because a party loses before both the WCJ and the Board is not a sufficient reason to deny it the right to appeal to this Court or allow it to do so but penalize it for filing a frivolous appeal because the losing party may ultimately win or may just have a legitimate argument. In this case, Employer had a legitimate argument because the facts were novel. Most of the cases that exist dealing with traveling employees involve lunch breaks and/or greater distances traveled, not true minor deviations from the job such as in this case. Because we disagree that Employer's appeal was frivolous, we deny Claimant's request for counsel fees.