**DEPARTMENT OF LABOR AND INDUSTRY, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (SAVANI), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 23, 2009.
Decided March 10, 2009.
Publication Ordered June 11, 2009.

---

4. A photograph that depicts the actual knife is attached to this memorandum.

Sheilah A. Tone, Scranton, for petitioner.

Sara A. Walsh, Scranton, for respondent.

BEFORE: LEADBETTER, President Judge, SMITH–RIBNER, Judge, FLAHERTY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

The Department of Labor and Industry (L & I) seeks review of an order of the Workers' Compensation Appeal Board (Board) affirming a decision of the Workers' Compensation Judge (WCJ) to grant the claim petition filed by Sharon Savani (Claimant), an employee of L & I (Employer). The question presented by Employer is whether the Board erred in finding that Claimant was acting within the course and scope of her employment and/or in furtherance of Employer's business or affairs when she was injured in a fall during a break off Employer's premises. Claimant's position is that she sustained work-related injuries when she fell while walking on a street near Employer's premises during her paid break from work.

The parties stipulated that on November 27, 2006 at approximately 9:10 a.m., Claimant fell while walking on the street in the Stauffer Industrial Park where Employer is located and that the fall did not occur on

its property. They also agreed that Claimant was on a paid break period at the time of the fall, that she was not on a mission for Employer and that her presence on the street had not been required or requested. Claimant suffered a right-arm fracture that rendered her temporarily totally disabled from November 27, 2006 through February 9, 2007, and she returned to work on February 12, 2007 without a loss of earnings.

On March 21, 2007, Claimant filed her claim petition seeking full disability benefits from November 27, 2006 through February 8, 2007, medical costs and counsel fees. The parties agreed that the issue to be decided by the WCJ was whether Claimant was acting within the course and scope of her employment and/or in furtherance of Employer's business or affairs at the time of injury. After hearing the matter, the WCJ found that Claimant sustained the injury while in the course and scope of her employment with Employer and stated as follows:

> In reaching the above finding, it is clear from the outset that the issue for determination herein is very narrow. The issue is whether the claimant's fall at work during business hours, during a paid break, was within the course and scope of claimant's employment and/or in the furtherance of the employer's business or affairs. Having reviewed the briefs submitted by both parties with respect to their respective arguments, this Judge finds that the within set of facts clearly falls within the ambit of cases which have recognized that the course of employment embraces intervals for leisure within the regular hours of the working day. Momentary and/or temporary departures from routine administering to employee's personal comforts does not break the continuity of course of employment. Moreover, there is no evidence herein that the claimant

had "virtually abandoned" the course of her employment with the break.... Moreover, there is no dispute that the claimant is covered by an agreement between her employer and her union which recognizes the break that the claimant was taking at the time of her fall.

WCJ's Finding of Fact No. 8.

Employer appealed to the Board, and on June 20, 2008 it affirmed the decision of the WCJ, with three Board Commissioners dissenting. It reasoned:

> [T]he WCJ did not err in concluding that Claimant was within the course and scope of her employment when she fell, as we see no indication that Claimant undertook any activities that would constitute a break in the course and scope of her employment. While Defendant maintains that Claimant was not within the course and scope of her employment because she was not furthering its business or affairs at the time she fell, we cannot agree with this contention. When Claimant fell, she had reported for work and was walking in the street of the Stauffer Industrial Park, the business complex that she works in, during a paid break from work authorized by her union contract. This activity allowed Claimant to administer to her personal comfort, which in turn, better enabled her to perform her job. *Baby's Room [v. Workers' Compensation Appeal Board (Stairs)*, 860 A.2d 200 (Pa. Cmwlth.2004)]. Since Claimant was better enabled to perform her job, Defendant's business and affairs were furthered. We reject Defendant's argument.

Board Majority Opinion at 4. The Dissenting Opinion indicated that the majority incorrectly blended two doctrines that are not interchangeable, *i.e.,* "personal comfort

doctrine" and "inconsequential departure doctrine," and it reasoned in part:

> [T]he two doctrines are not completely interchangeable. The personal comfort doctrine recognizes that breaks that allow the employee to administer to his personal comfort better enable him to perform his job, and therefore, are considered to be in furtherance of the employer's business. *Cozza v. WCAB*, 34 Pa.Cmwlth. 605, 383 A.2d 1324 (1978). In contrast, the inconsequential departure doctrine involves true deviations from the job, albeit minor ones. *The Baby's Room.* . . .

*Id.*, at 1. The dissent concluded that Claimant's activities on her break did not fall within either category and that her claim should have been denied.

∎ Employer argues that the WCJ committed an error of law and failed to base his decision on factual evidence supported by the record. Basically Employer asserts error in applying the "personal comfort doctrine" to this case. It notes the well-settled principle that an injury is compensable under Section 301(c)(1) of the Pennsylvania Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 411(1), only if the injury arises in the course of employment and is causally related to thereto. *See U.S. Airways v. Workers' Compensation Appeal Board (Dixon)*, 764 A.2d 635 (Pa. Cmwlth.2000); *Brody v. Workmen's Compensation Appeal Board (Pennsylvania Public Utility Commission)*, 138 Pa. Cmwlth.456, 588 A.2d 575 (1991). Employer submits that an injury must fall within one of two scenarios: (a) the employee was injured while actually engaged in furthering the employer's business or affairs whether on or off premises or (b) the employee was not actually engaged in furthering the employer's business or affairs when injured but was on its premises, was required by the nature of the employment to be there and injury was caused by conditions of the premises or by operations of the employer's business or affairs. *U.S. Airways; Workmen's Compensation Appeal Board v. United States Steel Corp.*, 31 Pa.Cmwlth. 329, 376 A.2d 271 (1977). To prevail, Claimant had to prove that she was actually engaged in the furtherance of Employer's business or affairs when she was injured.

To support its argument that the WCJ and the Board erred in applying the personal comfort doctrine, Employer maintains that Claimant was not merely using the bathroom or getting a drink but instead had actually left Employer's premises when she fell. Relying upon the Board dissent, Employer asserts that Claimant was not attending to personal needs of the type typically recognized as falling under the personal comfort doctrine, such as the need for sustenance.

Claimant's initial response is that the Act is remedial in nature and is intended to benefit workers and thus that it must be given a liberal construction to achieve the humanitarian objective. *U.S. Airways.* She places emphasis on the definition of injury in Section 301(c)(1) [1] and describes her activities as "intervals of leisure," which fall within the personal comfort doc-

---

1. "Injury" is defined in Section 301(c)(1) as follows:

> The terms "injury" and "personal injury," as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto. . . . The term "injury arising in the course of his employment," as used in this

article, shall not include [injury by a third person who intended to injure the employe or injury sustained while operating a motor vehicle provided by employer if the employe is not otherwise in the course of employment] but shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or

trine. As support, Claimant cites *Workmen's Compensation Appeal Board v. Borough of Plum*, 20 Pa.Cmwlth. 35, 340 A.2d 637 (1975), where the employee truck driver was deemed to be in the course of his employment when he was shot and killed while off of the employer's premises and stopped by the side of the road to eat lunch or to relieve himself. Claimant contends that her actions during her break likewise amounted to minor deviations for personal comfort or leisure that did not break the chain of conduct in the course of her employment, even though she was off Employer's premises.

Claimant states that an important element in deciding if an accident occurred in the course of employment is whether evidence exists to show that the employee virtually abandoned his or her employment. *See Universal Cyclops Steel Corp. v. Workmen's Compensation Appeal Board*, 9 Pa.Cmwlth. 176, 305 A.2d 757 (1973) (stating that abandonment does not occur merely on temporarily leaving a place of employment for leisure, recreation or comfort but rather by the virtual abandonment of one's course of employment or engagement in something wholly foreign thereto). She analogizes her situation to *The Baby's Room*, where the Court affirmed the grant of benefits to a claimant who was injured as he returned to his truck after delivering furniture to a residence with his supervisor. While walking back to the truck the claimant jumped up to touch a basketball rim on the driveway but his hand slipped off of the rim and he fell backward, hitting his head on the pavement and suffering traumatic brain injury. The Board concluded that jumping up to touch the rim was a slight deviation from the course of employment and that the claimant had not yet completed his duties

for the day because he had to return the truck to the warehouse and sign out before going home. Finally, citing *Cozza* Claimant highlights the clause in her union contract guaranteeing fifteen-minute breaks as evidence that the breaks were beneficial to her and to Employer and that she therefore was in the course of employment when she fell during a break.

An examination of case law and its application to the facts show that the WCJ and the Board erred in granting the claim petition. The Court agrees that this case is more akin to *Pesta v. Workmen's Compensation Appeal Board (Wise Foods)*, 153 Pa.Cmwlth. 616, 621 A.2d 1221 (1993), where the parties stipulated that the decedent was assigned to a shift in the shipping and receiving department that had two fifteen-minute breaks. The employer allowed its employees to leave the plant premises during their breaks and to attend to personal needs. During the decedent's last break beginning at 10:36 p.m. he went to his vehicle parked on a public street to leave aluminum cans that he had collected from the plant for his financial benefit. The employer did not prohibit collection of cans, but the parties stipulated that this activity was not in furtherance of the employer's business or affairs. At about 10:50 p.m., while trying to cross the street to return to the plant, the decedent was struck and killed by a passing vehicle. The referee awarded fatal claim benefits, but the Board reversed because the decedent was not injured on the employer's premises and was not furthering its business at the time of injury.[2]

The Court affirmed the Board's decision in *Pesta* after concluding that the decedent was not injured in the course of his employment. It recognized the distinctions

affairs of the employer, whether upon the employer's premises or elsewhere. . . .

2. Claimant's case is not analogous to *U.S. Airways* where the claimant fell as she was returning to her employer's offices after pick-

made in case law between a "travelling employee" and a "stationary employee" and applied the narrower interpretation of "course of employment" for a stationary employee. The Court explained the proper analysis to follow in such cases: "Whether the decedent left Employer's premises for purely personal reasons or whether he left for reasons related to the duties he was required to perform." *Id.,* 621 A.2d at 1223. The decedent collected cans during his break for his financial benefit and was "merely a member of the general public on a public street and was not on a mission directly related to his employment." *Id.* Further, the Court stated that merely allowing an employee to perform an act without the employer having directly ordered its performance will not support an award and concluded that it was irrelevant that the claimant's injury occurred during a break that the employer required its employees to take. The relevant point is that the employer did not order or direct the conduct involved.

In *The Baby's Room* the Court explained that each case of this nature must be decided on its own facts. In expounding upon the meaning of the personal comfort doctrine, the Court indicated that "neither small temporary departures from work to administer to personal comforts or convenience, nor inconsequential or innocent departures break the course of employment." *Id.,* 860 A.2d at 203. It further stated that the term also "embraces intervals of leisure" defined in part as "freedom or spare time provided by the cessation of activities," *id.* at 204, and recognizes that breaks allowing employees to

administer to their personal comfort better enable them to perform their jobs and are considered to be in furtherance of the employer's business. *Id.* at 204 n. 7. As examples, it cited cases involving a restroom break, picking up takeout food for lunch and getting a cup of coffee before meeting with customers within the course of employment. *See Montgomery Hospital v. Workers' Compensation Appeal Board (Armstrong),* 793 A.2d 182 (Pa. Cmwlth.2002); and *U.S. Airways; D'Agata Nat'l, Inc. v. Workmen's Compensation Appeal Board (D'Agata),* 84 Pa.Cmwlth. 527, 479 A.2d 98 (1984), respectively.

Claimant's injury did not occur during a small temporary departure from work to tend to her personal comforts or convenience, nor did it occur during an inconsequential or innocent departure from work. Rather, her injury occurred while walking on a street off Employer's premises much like the employee in *Pesta* who was found not to be acting in the course of his employment at the time of his injury. Claimant bore the burden in this case to prove that she was injured in the course of employment, *The Baby's Room,* and based on the record the Court cannot agree that she carried that burden. The Court accordingly reverses the Board.

### *ORDER*

AND NOW, this 10th day of March, 2009, the Court reverses the order of the Workers' Compensation Appeal Board.

---

ing up takeout food at a restaurant located in the lobby of the same building. The claimant did not have a set lunch hour and, as a supervisor, she was discouraged from having lunch off the premises. The injury occurred because of wet conditions in a lobby that was the common area in a building that the employer leased, occupied and controlled. The

Court affirmed the grant of total and partial disability benefits for the periods stated, but it remanded for the WCJ to determine the extent of disability after a certain date and whether the claimant removed herself from the workforce by accepting a severance package.