DISSENTING OPINION BY
SENIOR JUDGE PELLEGRINI
I respectfully dissent from the majority’s reversal of the Workers’ Compensation Judge (WCJ) and the Board’s decision to deny benefits because I agree with them that Claimant was not injured while “actually engaged in the furtherance of the business or affairs”[1] for which he was employed, but instead when he made a voluntary decision to leave his assigned work area to engage in an unauthorized task.
Claimant was employed by Employer as a catering agent to replenish catering carts on international flights. Claimant’s coworker and friend, who worked as a warehouse agent in the warehouse’s dock area, complained that the dock area’s plastic locker was deteriorating. The dock area’s plastic locker was used for storing brooms, chains, cleaning materials and other equipment used for loading and unloading trucks. Claimant offered his friend an unused steel locker stored at his residence. It is undisputed that Employer was unaware that Claimant was bringing his personal locker to the facility for use by his friend.
On the day of the incident, Claimant loaded his locker onto his personal pickup truck, drove to Employer’s facility and then clocked into work. After his friend walked into the warehouse, Claimant backed his personal pickup truck next to the loading dock, which, because it is only used for loading and unloading tractor-trailers, was significantly higher than the bed of his pickup truck. While Claimant, his friend and another co-worker unloaded the locker, Claimant jumped onto the dock, but because his co-workers suddenly stopped moving, Claimant hit his right hand against the locker causing him excruciating pain. Claimant stated that he eventually underwent surgery for injuries to *708 his fourth and fifth metacarpals. He was released to light-duty work after approximately six weeks and to full-duty work approximately ten weeks after the injury.
Concluding that Claimant was not engaged in the course and scope of his employment because he was not furthering his Employer’s interest and because he “was a mere volunteer acting without the Employer’s knowledge,” the WCJ denied the claim petition. (Supplemental Reproduced Record (S.R.R.) at 12b.) Claimant then appealed to the Board, which affirmed.
The majority reverses, finding that Claimant was injured during the course of his employment because “Claimant established that he made a genuine attempt to advance Employer’s interest,” Majority Opinion at 9 (emphasis added), and cites to Employer’s purported ex post facto acquiescence of Claimant’s behavior as support for its determination because it purportedly then used the locker.
The majority correctly points out that we recently stated in Trigon Holdings, Inc. v. Workers’ Compensation Appeal Board (Griffith), 74 A.3d 359, 362 (Pa. Cmwlth. 2013) that:
An employe is entitled to compensation for every injury received on the premises of his employer during the hours of employment, regardless of whether he is actually required to be at the particular place where the injury occurred, so long as there is nothing to show that he had abandoned the course of his employment or was engaged in something wholly foreign thereto. (Citations omitted) (Emphasis added.)
Because the injury occurred at work and obtaining the locker advances the Employer’s interest, the majority holds that the injury is compensable.
This is a difficult case because, on its face, Claimant’s deviation from his employment to bring in his own locker in his personal pickup truck as a personal favor could be viewed as an “attempt” to advance Employer’s interest and, because it occurred on Employer’s premises, compen-sable. The question, though, is more complicated because once we hold that when an employee volunteers to undertake an action that could advance the employer’s interest, there is, however, no requirement that the injury occur on the employer’s premises, making any injury that an employee suffers, no matter where, compen-sable.[2] In other words, once an employee decides to undertake an action that in some way could benefit an employer, any injuries incurred are compensable.
In this case, if we were to hold that he was advancing Employer’s interest, Claim *709 ant would not only be entitled to compensation for injuries that he sustained on the clock and on the dock, but would be entitled to compensation if the locker fell on and broke his foot at home while attempting to load it onto his pickup truck or was injured if involved with a motor vehicle accident on the way to deliver the locker to work.
Just because Claimant’s volunteering to bring his personal locker to work may involve some incidental benefit to Employer does not mean that his actions were undertaken in the “course of his employment.” He brought the locker in as a personal favor to his friend, not as part of any employment as a catering agent. Like the WCJ and the Board, I would hold that someone who personally volunteers to fulfill a personal request of a fellow employee is not advancing the interest of employer, but has “abandoned the course of his employment or was engaged in something wholly foreign thereto.”
Additionally, an action that is “attempting” to or incidentally benefits an employer is not the standard for determining whether Claimant “is actually engaged in the furtherance of the business or affairs of the employer. ...” Section 301(c)(1) of the Act, 77 P.S. § 411(1). In Brookhaven Baptist Church v. Workers’ Compensation Appeal Board (Halvorson), 590 Pa. 282, 912 A.2d 770 (2006), our Supreme' Court held that voluntary actions—even well-intended ones—beyond an employee’s designated responsibilities, are not within the course of employment.
In that case, an employee who was paid to cut a church’s grass was fatally burned while destroying trimmings that he gathered while pruning shrubbery. In reversing our finding that the fatality was com-pensable because the task was “incidental to Decedent’s employment,” id. at 779, the Supreme Court held that “the proper question is not whether trimming the bushes was incidental to the grass-cutting task, but whether that activity was part of the employment arrangement.” Id. Because “no trimming of bushes and overhanging tree limbs, no edging, picking up sticks, hand mowing, or garden work, all of which are necessary to maintain the grounds of the Church, were ever included in the fee to cut the grass,” it held that the decedent’s injury did not occur in the course of his employment as a grass cutter. Id.
Like in Halvorson, Claimant was not acting within the scope of his responsibilities as a catering agent when injured. As the Board stated:
Claimant, was unable to prove he was furthering the interests of [Employer] when he was injured.[T]he WCJ determined that Claimant was not furthering the business of [Employer] because his actions were voluntary, and [Employer] did not direct Claimant to provide new lockers nor was [Employer] aware that Claimant was going to replace the lockers. Claimant was not su■pervised by management. He may have believed he was furthering [Employer’s] interests, but he never inquired about replacing the lockers with management. Claimant is also unable to prevail on the theory that the condition of the premises caused his injury. Claimant’s own testimony shows that the loading dock where he was injured was intended for tractor trailers. The height differential between the pickup truck and the loading dock played a significant part in his injury,
(S.R.R. at 23b.)[3]
Accordingly, because Claimant was not injured during the course of his employ *710 ment as a catering agent, I would affirm the Board’s denial of Claimant’s claim petition.

. However, there are other instances when:
An employee’s injury is compensable under Section 301(c)(1) of the Workers’ Compensation Act ... if the injury (1) arises in the course of employment and (2) is causally related thereto. An injury may be sustained "in the course of employment” under Section 301(c)(1) of the Act in two distinct situations: (1) where the employee is injured on or off the employer's premises, while actually engaged in furtherance of the employer's business or affairs; or (2) where the employee, although not actually engaged in the furtherance of the employer's business or affairs, (a) is on the premises occupied or under the control of the employer, or upon which the employer’s business or affairs are being carried on, (b) is required by (he nature of his employment to be present on the employer’s premises, and (c) sustains injuries caused by the condition of the premises or by operation of the employer’s business or affairs thereon.
U.S. Airways v. Workers’ Compensation Appeal Board (Dixon), 764 A.2d 635, 640 (Pa. Cmwlth. 2000) (Citations omitted; emphasis added).

. Employer’s purported ex post facto acquiescence to Claimant's conduct is not supported *710 by substantial evidence and, in any event, is irrelevant. In finding that Employer acquiesced by purportedly using the locker, the majority incorrectly relies on testimony made by Claimant that was objected to by opposing counsel on the correct grounds that it was speculative in nature and purely based upon hearsay. In any event, even if this testimony is accepted, "[w]e have repeatedly held that merely allowing an employee to perform the act without directly ordering its performance will not support an award .... [T]he fact that Employer was aware ... and did not prohibit it is not relevant.” See Pesta v. Workmen's Compensation Appeal Board (Wise Foods), 153 Pa.Cmwlth. 616, 621 A.2d 1221, 1223 (Pa. Cmwlth. 1993) (internal citation omitted).